**Walter L. McCLELLAN, Petitioner,**

v.

**Don J. YOUNG, Judge, United States District Court, Northern District of Ohio, Respondent.**

**No. 20200.**

United States Court of Appeals, Sixth Circuit.

Feb. 13, 1970.

Walter L. McClellan, pro se.

Don J. Young, United States District Judge, Toledo, Ohio, pro se.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This cause is before the Court on the motion of the Respondent District Judge to dismiss the petition for a writ of mandamus filed in this Court, on the ground that it does not allege any failure on his part to perform a non-discretionary act.

Petitioner's mandamus action seeks an order compelling the District Judge to act on his petition for a writ of habeas corpus, which had been pending before the District Judge since October 7, 1969.

In his memorandum in support of his motion to dismiss, the District Judge stated, among other things:

"On October 20, 1969, in accordance with the practice of the Defendant Court, the papers in the case were referred to the Habeas Corpus Clinic of the University of Toledo College of Law where the cause was to be investigated and considered by the Clinic. As yet, the defendant has not heard from the Clinic."

Appended to the Judge's memorandum is a copy of a form letter sent by his

law clerk to petitioner on October 22, 1969, which stated:

"Our files show that your petition for a writ of habeas corpus was filed on      Please be advised that it usually takes from six to twelve months from the time of the filing of the petition until the final disposition of the matter.

"I hope that the above has been of some help to you."

The memorandum points out:

"This is due to an unusually crowded docket, buttressed by the fact that at present there are 95 habeas corpus petitions pending before this court. In addition, plaintiff's petition along with approximately 25 others on file in this Court presents the question of revocation of parole without the benefit of a hearing and the right to have counsel present at the hearing. The defendant wishes to point out that this exact question is presently pending before the Supreme Court of the United States. Therefore, defendant is desirous of postponing any decision involving these issues until the Supreme Court has reached a decision."

We are fully appreciative of the problems of the District Judge but in much less time than we believe was consumed in the preparation and filing of his motion to dismiss and the memorandum with supporting papers, he could have ruled on petitioner's habeas corpus petition simply by following our decision in Rose v. Haskins, 388 F.2d 91 (6th Cir. 1968), cert. denied, 392 U.S. 946, 88 S. Ct. 2300, 20 L.Ed.2d 1408 (1968). Rose is on all fours and is determinative of petitioner's habeas corpus action and of 25 other cases involving the same legal question, which the District Judge asserts await action on his part. See also Hinkle v. Ohio Parole Authority, 419 F. 2d 130 (6th Cir. 1969).

In Brown v. Allen, 344 U.S. 443, at 462, 73 S.Ct. 397, at 410, 97 L.Ed. 469 (1953) the Court said:

"A federal judge on a habeas corpus application is required to 'summarily hear and determine the facts, and dispose of the matter as law and justice require' \* \* \*."

28 U.S.C. § 2243; Bailey v. Smyth, 220 F.2d 954 (4th Cir. 1955).

Habeas corpus is a speedy remedy entitled to preferential consideration to insure expeditious hearing and determination. VanBuskirk v. Wilkinson, 216 F. 2d 735 (9th Cir. 1954).

■ The District Judge was bound by our decision in Rose and was without authority to defer action in petitioner's habeas corpus case and in twenty-five other habeas corpus actions pending before him, to await a ruling by the Supreme Court in another case which he does not even cite.

■ The District Judge was also without authority to refer the papers in petitioner's habeas corpus case to the Habeas Corpus Clinic of the University of Toledo College of Law or to delay consideration of petitioner's case until hearing from the Clinic. We think law schools can render a useful service in assisting prisoners, but they may not act for a prisoner without his consent. It goes without saying that judicial functions may not be delegated to law colleges or clinics.

28 U.S.C. § 2243 imposes a specific duty on the court to summarily hear and dispose of habeas corpus petitions.

■ The All Writs Act (28 U.S.C § 1651) vests discretionary power in this court to issue a writ of mandamus in aid of its supervisory control of the District Court in the circumstances of this case. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).

The motion to dismiss is denied and a writ of mandamus will issue commanding the Respondent to act on Petitioner's habeas corpus petition not later than ten days after receipt of a copy of this Order.