**George W. JOHNSON, Petitioner,**

v.

**Honorable Richard D. ROGERS, Judge, U.S. District Court, District of Kansas, Respondent.**

**Robert L. Matthews; United States Parole Commission, Real Parties in Interest.**

**No. 90-537.**

United States Court of Appeals, Tenth Circuit.

Oct. 29, 1990.

George W. Johnson, pro se.

Richard D. Rogers, U.S. Dist. Judge, U.S. Dist. of Kan., filed a response in his own behalf.

Lee Thompson, U.S. Atty., and Jackie A. Rapstine, Asst. U.S. Atty., Topeka, Kan., for real parties in interest.

Before LOGAN, BRORBY and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

By this application for writ of mandamus, petitioner seeks an order of this court directing respondent, the Honorable Richard D. Rogers, to hear and decide petitioner's petition for writ of habeas corpus, case No. 89-3173-R, brought pursuant to 28 U.S.C. § 2241 and currently pending in the United States District Court for the District of Kansas.

The petition for writ of habeas corpus was filed on May 15, 1989. Petitioner chal-

lenges a change in his presumptive parole date from August of 1991 to April of 1998. The government responded to the petition on July 25, 1989, and petitioner filed a traverse on August 7, 1989. At that point, the case was at issue in the district court. In October, petitioner moved for summary judgment, and the government responded. The case was reassigned to Judge Rogers on January 10, 1990. Thus, the petition for writ of habeas corpus has been at issue for more than fourteen months without resolution.

▇▇ Pursuant to our order directing a response, both the government and the judge filed responses. The government states that as of September 1, 1990, there were 439 prisoner petitions pending in the United States District Court for the District of Kansas, an increase of 95 cases since June 1, 1990. It contends that in view of such a case load, "the district court cannot be expected to rule on all motions as quickly as the petitioner would like." Both the government and the judge express a sensitivity to the need to accelerate these habeas corpus matters, but they assert that the heavy backlog of such cases has precluded a more expeditious treatment of them.

We understand the tension between the court's heavy case load and the need to hear and determine all cases in a timely manner. However, writs of habeas corpus are intended to afford a " 'swift and imperative remedy in all cases of illegal restraint or confinement.' " *Fay v. Noia*, 372 U.S. 391, 400, 83 S.Ct. 822, 828, 9 L.Ed.2d 837 (1963), *quoting Secretary of State for Home Affairs v. O'Brien*, [1923] A.C. 603, 609 (H.L.). *See also Johnson v. Avery*, 393 U.S. 483, 485, 89 S.Ct. 747, 749, 21 L.Ed.2d 718 (1969) (Court has constantly emphasized fundamental importance of writ). If a fourteen-month delay (absent good reason) were routinely permissible, the function of the Great Writ would be eviscerated.

Other courts have reacted similarly to inordinate delays in deciding petitions for writ of habeas corpus. The Ninth Circuit, in analyzing 28 U.S.C. § 2243, has held:

The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. The ordinary rules of civil procedure are not intended to apply thereto, at least in the initial, emergency attention given as prescribed by statute to the application of the writ.

*Ruby v. United States*, 341 F.2d 585, 587 (9th Cir.1965), *cert. denied*, 384 U.S. 978, 86 S.Ct. 1877, 16 L.Ed.2d 689 (1966). *See also Van Buskirk v. Wilkinson*, 216 F.2d 735, 737–38 (9th Cir.1954) (habeas corpus "is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination."); *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir.1970) (same); *Glynn v. Donnelly*, 470 F.2d 95, 99 (1st Cir.1972) (28 U.S.C. § 2243 manifests policy that habeas petitions are to be heard promptly). Plainly, "the writ of habeas corpus, challenging detention, is reduced to a sham if the trial courts do not act within a reasonable time." (Footnote omitted). *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir.1978).

28 U.S.C. § 2243 requires a hearing on a show cause order issued pursuant to a petition for writ of habeas corpus within five days after the return is filed unless additional time is allowed for good cause, and it then requires that the court "summarily hear and determine the facts, and dispose of the matter as law and justice require." *See McClellan v. Young*, 421 F.2d at 691 (section 2243 imposes specific duty on court to summarily hear and dispose of habeas petitions); *Jones v. Shell*, 572 F.2d at 1280 (habeas corpus procedure should not be so dilatory or technical as to deny petitioner hearing and ruling on merits of claim within reasonable time).

The peremptory writ of mandamus has traditionally been used in federal courts "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967), *quoting Roche v. Evaporated*

*Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). Repeated decisions of the Supreme Court have established the rules that mandamus "will lie in a proper case to direct a subordinate Federal Court to decide a pending cause." *Insurance Company v. Comstock,* 83 U.S. (16 Wall.) 258, 270, 21 L.Ed. 493 (1872); *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 352, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976); *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 662, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978); *see also State Farm Mut. Auto Ins. Co. v. Scholes,* 601 F.2d 1151, 1154 (10th Cir.1979).

■ For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available. *Hadley Memorial Hosp., Inc. v. Schweiker,* 689 F.2d 905, 912 (10th Cir. 1982). Petitioner must also show that his right to the writ is "clear and indisputable." *Mallard v. United States Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989); *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35–36, 101 S.Ct. 188, 190–191, 66 L.Ed.2d 193 (1980); *In re Vargas,* 723 F.2d 1461, 1467 (10th Cir.1983); *United States v. Carrigan,* 778 F.2d 1454, 1466 (10th Cir.1985).

Under the circumstances of this case, petitioner has established a clear and indisputable right to have his petition expeditiously heard and decided, and he has no alternative remedy. The unfortunately high volume of prisoner cases pending in the District of Kansas is insufficient to justify the delay occasioned here. *See McClellan v. Young,* 421 F.2d at 691 (numerosity of pending habeas petitions insufficient ground to justify delay in deciding them; writ of mandamus issued directing court to decide petition); *see also Jones v. Shell,* 572 F.2d at 1280 (busy court docket cannot justify fourteen-month delay in processing claim from date of remand; crowded dockets do not excuse compliance with rules and statutes). *Cf. La Buy v. Howes Leather Co.,* 352 U.S. 249, 259, 77 S.Ct.

309, 315, 1 L.Ed.2d 290 (1957) (congestion of court docket insufficient ground to justify reference to master under Fed.R.Civ.P. 53(b)); *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. at 345, 96 S.Ct. at 590 (court's crowded docket impermissible ground to remand action to state court); *United States v. Nance,* 666 F.2d 353, 359 (9th Cir.) (" 'general congestion' " of court's calendar impermissible factor on which to base ends of justice continuance under Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(C)), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982).

Certainly we sympathize with the district court's efforts to keep abreast of its burgeoning case load. And, "[i]t is indeed unfortunate if the judicial manpower provided by Congress in any district is insufficient to try with reasonable promptness the cases properly filed in or removed to that court...." *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. at 344, 96 S.Ct. at 590. It may be that the district court will need to seek additional resources or reallocate its existing resources to enable it more promptly to resolve the large number of petitions for writ of habeas corpus pending on its docket.

We do not mean to imply that in all habeas corpus cases a fourteen-month delay is impermissible. In many instances the habeas petitioner himself may be responsible for delays; in some, particularly those arising under 28 U.S.C. § 2254, there may be delays occasioned in obtaining necessary records of earlier proceedings. Each situation must be considered on its own facts. We hold only that the fourteen-month delay in this case for no reason other than docket congestion is impermissible. At this point, justice delayed is justice denied.

Accordingly, the petition for writ of mandamus is granted. Respondent is ordered to hear and decide case No. 89–3173–R within sixty days of the date of this opinion.