**John E. RUST, Appellee,**

v.

**Harold W. CLARKE, Warden, Nebraska State Penitentiary, Appellant.**

No. 91–2453.

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1992.

Decided March 26, 1992.

J. Kirk Brown, Asst. Atty. Gen., Lincoln, Neb., argued, for appellant.

Emil M. Fabian, Omaha, Neb., argued (Barbara Thielen, on brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

This is a capital case. John Rust was sentenced to death by a panel of Nebraska state judges on October 30, 1975. The conviction was affirmed by the Nebraska Supreme Court on February 2, 1977. Because the defendant filed and appealed two motions for post-conviction relief, this matter remained in the state court until 1986. On June 9, 1987, Rust filed a habeas petition in the federal district court. He filed an amended petition on July 6, 1988. The case was assigned to the docket of Judge Warren Urbom and referred for recommendation to Magistrate David Piester. On May 26, 1989, the case was transferred to Judge William Cambridge and assigned to Magistrate Richard Kopf. On February 14, 1990, the magistrate issued a recommendation that Rust's sentence be reduced to life imprisonment, unless the State of Nebraska initiated capital resentencing proceedings within sixty days after the judgment became final. Magistrate Kopf found that the state trial court erred by failing to apply the reasonable doubt standard in finding aggravating circumstances. On this basis, without passing on any other claim alleging error in the conviction and sentencing proceeding, the magistrate issued his findings and recommendations. Judge Cambridge adopted the magistrate's findings on May 13, 1991. This appeal followed.

Habeas corpus is a civil action. Our jurisdiction turns on the finality of the judgment below. Serious jurisdictional questions arise from the district court's order. According to the parties, several claims relating to both the sentence and the conviction remain undecided. Resentencing (from death to life) does not obviate legal claims raised challenging the conviction. The district court's order stating that habeas relief will be granted unless the state grants a new sentencing hearing within sixty days would appear to also lack finality due to the pendency of undecided claims. To obviate any misunderstanding, we stay that order until further direction of this court.

Rather than dismiss the entire action, however, for reasons now set forth, we now remand the case to the district court to pass on the remaining claims within ninety days of this order. Either party may thereafter file a notice of appeal within thirty days of the district court's subsequent order. The parties may then file new briefs under an expedited briefing schedule to be set by the clerk of the court.

We take this unusual action under our general supervisory authority to make certain that this case be expedited and not delayed any further. The Supreme Court has pointed out the necessity of giving priority to capital habeas cases because of the interests of the petitioner, who may be unlawfully kept on death row, but also the state, whose interests in finality deserve the concern and deference of the federal courts. *Delo v. Stokes*, 495 U.S. 320, 110 S.Ct. 1880, 109 L.Ed.2d 325 (1990).

This case was pending in the federal district court from June of 1987 to June of 1991. The magistrate did not make a recommendation until February of 1990, and the district court did not rule on that recommendation until May of 1991. We are acutely aware of the increased workload in the district court of Nebraska because two vacancies have not been filled, that of Judge Urbom, who took senior status in January 1990, and an additional judgeship created for the district effective in January, 1990. However, habeas corpus cases, particularly in capital sentencing situations, deserve the utmost priority. We do not place fixed, rigid time limits on any case because the complexity of each case necessarily varies. However, a capital case should not be pending for almost four years. Wherever possible, such cases should be briefed within six months of filing and decided within a reasonable time thereafter.

We therefore request the district court to pass on the remaining issues within ninety days. Thereafter, either side may file a notice of appeal. If no appeal is filed, this

court shall then review the status of the present case. If an appeal is filed, the final judgment of the district court will be consolidated with these proceedings and the matter will be submitted to this panel.

It is so ordered.