9 F.3d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Michael DUTTON, Warden, Petitioner.
 No. 92-6165.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1993.
 
 Before: GUY and BATCHELDER, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner is the warden of the Riverbend Maximum Security Institution and the named respondent in Ronald E. Rickman v. Michael Dutton, a habeas corpus action pending on the docket of the district court since 1985. On September 11, 1992, he filed in this court the present petition for a writ of mandamus seeking an order directing the district court to "promptly rule" on various motions pending in that action and to "proceed to final judgment therein without further delay." As grounds for his petition, the petitioner asserted he was entitled to prompt disposition of the habeas action because of the fact the district court had stayed execution of the state-imposed death penalty when the action was originally filed in 1985.
 
 
 2
 After the above petition was filed, the district court entered an order scheduling an evidentiary hearing. The district court also sent a letter to this court stating that all pending motions had been addressed at that hearing and that a second hearing had been set to establish a preliminary scheduling order. Based upon that response and the expectation that the habeas action was advancing on the district court's docket, we entered an order on October 14, 1992, denying the mandamus petition on grounds the district court was "fully aware of the habeas action before it and [was] taking proper steps to see that it receive[d] prompt review...."
 
 
 3
 The petitioner immediately sought a rehearing of his petition, asserting that the action in fact had not been advanced on the district court's docket and that no scheduling order for future progress in that action had been set. The petitioner therefore asked this court to grant the mandamus petition and order the district court to hold an evidentiary hearing within forty-five days and enter judgment in the action within forty-five days thereafter. Based on those allegations, we entered an order on January 22, 1993, granting the motion for rehearing and directing a formal response to the mandamus petition under Fed.R.App.P. 21(b). We specifically directed the district court to set forth the present status of the habeas action "including a list of any pending motions and an estimate of the time necessary to address such motions and to enter final judgment in the action." We also invited the petitioner in the habeas action (Rickman) to file a response to the mandamus petition.
 
 
 4
 Since our last order in this matter, we have received responses from the district court and Rickman as well as copies of several orders and reports filed in the habeas action. The clerk's office of this court also has requested periodic updated docket sheets from the district court in order to monitor the progress of the action below. Although it is difficult to discern precisely all the myriad issues and problems which have inserted themselves into the action below, we believe we may now address the petition before us with a greater understanding of the procedural history of the habeas action and its present status in the district court.
 
 
 5
 A brief review of the habeas action is appropriate at this time. A Tennessee jury convicted Ronald Rickman in March 1979 for the first-degree murder of Deborah Lee Groseclose. He was sentenced to death. On direct appeal, the Tennessee courts affirmed the conviction and the United States Supreme Court denied a petition for a writ of certiorari. Rickman v. Tennessee, 454 U.S. 882 (1981). Rickman then filed a state post-conviction action. Relief was denied by all levels of the state courts and the United States Supreme Court again denied a petition for a writ of certiorari. Rickman v. Tennessee, 469 U.S. 963 (1984).
 
 
 6
 Rickman filed the present habeas corpus petition in the district court on March 5, 1985, and the district court stayed execution of sentence on the same day. In a 104-page petition prepared by counsel, Rickman raised four broad claims--ineffective assistance of counsel, unconstitutionality of the Tennessee death penalty, denial of due process at trial and on appeal, and his competency to stand trial--with numerous bases set forth for each claim. The petitioner (Dutton) filed a motion to dismiss, which was denied in August 1985. The petitioner then filed his answer to the petition in September 1985. Thereafter, little substantive activity is shown on the district court docket sheet over the next four years. The court did transfer the action to another district court in May 1989, but that order was vacated upon reconsideration in January 1990. Rickman moved to amend his petition in July 1990 and also moved in August 1990 to hold his action in abeyance while he returned to the state courts with additional issues. Neither motion was ruled upon and no entries appear on the district court docket sheet between September 1990 and September 1992 when the present mandamus petition was filed in this court. Besides having responded to the few procedural motions filed in the action between 1986 and 1990, the petitioner did inquire twice as to the status of the action (April 20 and December 30, 1988) and once moved to have the action decided without an evidentiary hearing (April 5, 1990).
 
 
 7
 The materials now before the court show that Rickman used the above "missing years" to return to the Tennessee state courts to exhaust new issues he apparently wished to include in his federal habeas action.[1] He filed a second state post-conviction action in the state trial court in 1989. The trial court denied relief in 1990, the Tennessee Court of Criminal Appeals affirmed that denial in 1991, and the Tennessee Supreme Court denied an application for leave to appeal in 1992. The time for filing a petition for a writ of certiorari with the United States Supreme Court expired in May 1992. Presumably, the petitioner participated fully in those proceedings. There is also no indication he sought to have the federal habeas corpus action dismissed during that time for want of prosecution.
 
 
 8
 Since we granted the petitioner's motion for reconsideration, the district court has taken some action in the habeas proceedings. On February 23, 1993, the magistrate judge assigned to the action for the review of procedural matters filed a report stating he did not usually set scheduling orders in cases involving the Federal Public Defender because of the court's need to call upon the services of the defender upon short notice. The magistrate judge also stated he would hold a hearing on discovery in the action after the petitioner indicated whether he would waive procedural defenses to some of the new issues Rickman wished to present. On the same day, the magistrate judge recommended Rickman's motion to amend his habeas petition be granted. The district court granted the motion to amend on March 5, 1993, although the petitioner has stated he will not waive any procedural defenses to the issues raised in the amended petition. Also, the petitioner has filed strong objections to the district court's refusal to set a formal schedule of deadlines for all future activity in the habeas action.
 
 
 9
 The most recent activity in the habeas action has centered around discovery matters. Rickman has attempted to obtain access to certain documents in the hands of various state police authorities and prosecutors. Although the petitioner has supplied many of these documents, a controversy has arisen as to whether additional documents should be produced. The magistrate judge has conducted hearings on this matter and the parties presently are reviewing the documents thus far produced (apparently comprising well over a thousand pages) to determine if discovery is completed.
 
 
 10
 "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." In re American President Lines, Ltd., 929 F.2d 226, 227 (6th Cir.1991) (order). "Although a writ of mandamus should not generally be used to review the discretionary decisions of trial courts, the writ may be issued where the trial court's actions amount to a clear abuse of discretion." In re Harold Ford, 987 F.2d 334, 341 (6th Cir.1992) (citations omitted). The Supreme Court likewise has stated that a writ of mandamus is available to a court of appeals "where a district court persistently and without reason refuses to adjudicate a case properly before it." Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62 (1978). Thus, this court has the authority to issue a writ of mandamus directing a district court to rule upon a pending habeas corpus action. See McClellan v. Young, 421 F.2d 690, 691 (6th Cir.1970) (per curiam).
 
 
 11
 The petitioner, as stated in the supplement to his original mandamus petition, specifically seeks an order directing the district court to "hold an evidentiary hearing ... within 45 days, and enter a final judgment disposing of each and every issue in the case, without pretermission, within 45 days after the conclusion of the hearing." The petitioner also suggests, as he has urged in the district court, that a scheduling order should be entered in the district court setting forth specific deadlines for each stage of the proceedings. As noted above, the district court has declined to set rigid deadlines in this case, preferring instead to refer procedural and discovery matters to the magistrate judge for case management "so that as one step is completed ... we can immediately move forward to the second step." (Transcript of September 14, 1992, Hearing, at 16).
 
 
 12
 Rule 16(b), Fed.R.Civ.P., provides for a mandatory scheduling order in civil cases "[e]xcept in categories of actions exempted by district court rule as inappropriate...." The accompanying Notes of the Advisory Committee lists habeas corpus petitions as "logical candidates" for such exemption and the district court below has promulgated a rule to that effect. See M.D.Tenn.R. 11(a)(3). We therefore conclude the petitioner has not shown a clear and indisputable right to a scheduling order setting forth strict time limits for all pretrial procedures in this action. See In re Harold Ford, 987 F.2d at 341-42 (where district court had authority to transfer action under appropriate rule, petitioner failed to show right to writ of mandamus directing vacation of that transfer).
 
 
 13
 More generally, the petitioner relies upon the following language from a Supreme Court decision which, he asserts, constitutes an explicit rule for all habeas corpus actions involving state-imposed death penalties:
 
 
 14
 In a capital case the grant of a stay of execution directed to a State by a federal court imposes on that court the concomitant duty to take all steps necessary to ensure a prompt resolution of the matter, consistent with its duty to give full and fair consideration to all the issues presented in the case.
 
 
 15
 In re James Blodgett, --- U.S. ----, ----, 112 S.Ct. 674, 676, 116 L.Ed.2d 669, 674-75 (1992) (per curiam). See also Rust v. Clarke, 960 F.2d 72, 73 (8th Cir.1992) (per curiam) ("habeas corpus cases, particularly in capital sentencing situations, deserve the utmost priority.") The petitioner also cites to two unpublished orders of the Eighth Circuit granting writs of mandamus and directing district courts to consider and decide, within 150 days of the respective orders, all issues in the respective habeas corpus actions under review therein. See In re Paul Delo, No. 92-3468 (8th Cir. December 11, 1992) (order); In re Paul Delo, No. 92-3170 (8th Cir. October 21, 1992) (order).
 
 
 16
 In this case, the habeas action has generated little significant progress since it was first filed in 1985. While it may have been the better course either to dismiss the habeas action without prejudice pending Rickman's return to the state courts,[2] or to proceed to the merits of the original petition, neither course was taken. As a result, the present habeas petition, for all practical purposes, is in the same posture as a habeas petition filed less than a year ago. The district court granted a motion to amend the petition in March 1993 and discovery is still proceeding.
 
 
 17
 Although we are mindful of the district court's "duty to give full and fair consideration" to all issues presented in a death penalty habeas action, see Blodgett, --- U.S. ----, 112 S.Ct. 674, we also are concerned that such actions be given priority upon the district court's docket and be addressed without undue delay. This is not only "because of the interests of the [habeas] petitioner, who may be unlawfully kept on death row, but also the state, whose interests in finality deserve the concern and deference of the federal courts." Rust v. Clarke, 960 F.2d at 73. Similarly, the public "has a vital interest in the fair and prompt conclusion of habeas corpus petitions in federal courts, particularly when they involve a serious crime prosecuted by one of the states." Spann v. Martin, 963 F.2d at 673. Here, the state court judgment and sentence for the crime of first-degree murder was entered over fourteen years ago and has been examined by all levels of the state court system in three separate proceedings. The present action has been pending for over eight years. Despite this court's request in the order of January 22, 1993, that the district court estimate the time needed to enter judgment in the action, there remains no clear indication of when such a judgment might be expected. There already having been considerable delay in this action, we conclude we have no further options than to grant the relief sought by the petitioner.
 
 
 18
 It therefore is ORDERED that the petition for a writ of mandamus is granted. The district court is directed to hold a trial or otherwise dispose of the habeas action pending before it within 180 days of the date of this order. Should there be no such trial or disposition within that time period, the stay of execution entered by the district court on March 5, 1985, shall be vacated without further recourse to this court.
 
 
 
 [1]
 Rickman no doubt wanted to exhaust these issues in order to present all possible issues in a single federal habeas proceeding--an objective implicitly endorsed by the Supreme Court. See generally McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); Rose v. Lundy, 455 U.S. 509 (1982)
 
 
 [2]
 In Spann v. Martin, 963 F.2d 663, 672-73 (4th Cir.1992), such an order granting a motion to dismiss a habeas action without prejudice was found to be an abuse of discretion because the issue sought to be exhausted in the state courts was frivolous. There is no suggestion in this case, however, that the issues the petitioner presented to the state courts between 1989 and 1992 were frivolous