73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerold G. CAUTHON, Petitioner-Appellant,
v.
UNITED STATES DEPARTMENT OF THE TREASURY and United States
Congress, United States Congress Members,
Respondents-Appellees.
 No. 95-3181.
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1996.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL, Judge
 
 1
 Petitioner, a prisoner in the El Dorado Correctional Facility in Kansas, appeals the denial of his petition for a writ of mandamus sought under 28 U.S.C. 1361. Petitioner seeks to enjoin Respondents from disbursing monetary assistance in any form to Kansas entities operating state correctional facilities or county jails, which Petitioner claims are being operated in an unconstitutional manner.[2] The district court denied Petitioner's request on the grounds that he failed to demonstrate any element necessary to obtain the writ of mandamus. We affirm.[3]
 
 
 2
 Section 1361 grants the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). To qualify for mandamus relief, a petitioner must establish: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the action in question; and (3) that no other adequate remedy is available. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir.1990). The petitioner also must show that his right to the writ is "clear and indisputable." Id.
 
 
 3
 On appeal, we review the denial of mandamus relief for an abuse of discretion. See Marathon Oil Co. v. Lujan, 937 F.2d 498, 500 (10th Cir.1991). However, we consider de novo whether the legal prerequisites for mandamus are present. See Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986), cert. denied, 483 U.S. 1021 (1987). We agree with the district court that Petitioner's broad and conclusory claims fail to establish a right to the extraordinary remedy of a writ of mandamus. In particular, Petitioner's complaint fails to address whether Respondents would have any duty to withhold money from Kansas if he successfully proved a constitutional violation, and whether no other adequate remedy is available.[4]
 
 
 4
 Therefore, for the foregoing reasons, we AFFIRM the district court's refusal to grant Petitioner a writ of mandamus. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This action is one of several that Petitioner has brought against various defendants in an effort to challenge the constitutionality of the Kansas Sentencing Guidelines Act
 
 
 [3]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [4]
 Petitioner also claims that the district court erred by failing to construe his claim as an action for injunctive or declaratory relief under 42 U.S.C.1983. Because Petitioner makes no allegation that Respondents have acted under the color of state law, any Section 1983 action would fail