GLD-250                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2612
_____

In re:  KELLEY TROY COOLEY,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 10-cv-00001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 28, 2011

Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed August 09, 2011)
_____

OPINION
_____

PER CURIAM

        Kelley Troy Cooley, after being sentenced in Pennsylvania state court to 3-
6 years' imprisonment, filed a petition for a writ of habeas corpus in the District Court on
January 8, 2010.  The case became ripe for review on February 19, 2010, when the
parties' responses and state-court records were filed.  In November 2010, approximately
nine months later, Cooley filed a motion in the District Court requesting his immediate
release from incarceration pending the disposition of his habeas petition.  The Magistrate

Judge denied Cooley's motion, and the District Court essentially adopted the Magistrate Judge's decision on Cooley's subsequent appeal. Cooley filed several additional motions in the District Court, including one seeking to compel the District Court to rule on his habeas petition. On July 15, 2011, the Magistrate Judge entered a comprehensive Report and Recommendation, recommending that the District Court deny Cooley's petition for a writ of habeas corpus and inviting Cooley to file objections.

On June 17, 2011, Cooley filed a petition for a writ of mandamus, requesting that we order the District Court to rule on his habeas petition. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Kerr, 426 U.S. at 402. A petitioner must show "'no other adequate means to attain the desired relief, and . . . a right to the writ [that] is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Cooley filed his habeas petition approximately eighteen months ago. The District Court, therefore, has clearly delayed the resolution of his claims, which is troubling. Id. (stating that a five-month delay from the date the habeas petition was filed,

2

and a three-month delay from the most recent motion filed, was a matter "of concern," though not yet a denial of due process); see also Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (holding that after a delay of fourteen months due only to docket congestion, "petitioner has established a clear and indisputable right to have his petition expeditiously heard and decided, and [] has no alternative remedy.")

However, on July 15, 2011, approximately one month after Cooley petitioned for a writ of mandamus, the Magistrate Judge entered her Report and Recommendation as to Cooley's habeas petition. The Report analyzed all of Cooley's arguments challenging the validity of his state-court conviction and invited him to file objections. Accordingly, a writ of mandamus is unnecessary at the present time. Once Cooley's objections, if any, are filed, we are confident that the District Court will rule on the matter expediently. For these reasons, we will deny the petition for a writ of mandamus. Our denial is without prejudice to the filing of another mandamus request in the event that the District Court does not take action within 90 days from the entry of this judgment.