DLD-061  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4231
_____

IN RE: PETER C. IBE,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 12-cv-00941)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 6, 2012

Before:  AMBRO, SMITH  and CHAGARES, Circuit Judges

(Opinion filed December 11, 2012)
_____

OPINION
_____

PER CURIAM.

        Peter C. Ibe, an alien presently in the custody of the Department of Homeland

Security, has filed an "emergency" petition for a writ of mandamus under 28 U.S.C.

§ 1651, asking this Court to order the United States District Court for the Middle District

of Pennsylvania to rule forthwith on Ibe's pending petition for a writ of habeas corpus.

Ibe contends that the District Court has unduly delayed its adjudication of the habeas

petition.  We will deny the mandamus petition.

Mandamus relief is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). The petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted). "Mandamus petitions provide an avenue for dealing with the situation (which fortunately occurs infrequently) where cases have been unduly delayed in the district court." Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996).

The District Court's docket reflects that on March 18, 2012, Ibe filed a habeas corpus petition challenging the lawfulness of his detention pending removal proceedings. The District Court issued a show cause order, and respondents, after being granted additional time, answered the petition on June 27, 2012. Ibe filed a reply on July 13, 2012, and he also filed a separate "Motion for U-Visa Certification." The District Court issued an order seeking a report on the status of Ibe's removal proceedings and his location. The District Court then ordered a response to the Motion for U-Visa Certification. Respondents filed their response on September 26, 2012, and Ibe filed a reply on October 3, 2012. He filed his mandamus petition in this Court less than six weeks later, on November 16, 2012.

Ibe has not shown undue delay in the proceedings before the District Court. The District Court promptly ordered and received responses to the habeas petition and Motion for U-Visa Certification, and there is no indication that its delay in adjudicating those

pleadings "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79; cf. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (granting writ of mandamus due to fourteen-month delay in deciding habeas petition "for no reason other than docket congestion"). We are confident that the District Court will issue a decision without any needless delay of this matter, cognizant, as the District Court undoubtedly is, that Ibe is challenging the lawfulness of his ongoing immigration detention.

Ibe also asks this Court to issue an order staying his removal proceedings pending the adjudication of his habeas petition. Ibe notes that a merits hearing before an Immigration Judge is scheduled for December 11, 2012, and he maintains that his "unlawful detention has prevented and continues to prevent him from obtaining evidence in support of his applications for relief." Petition at 5. As explained, we have no cause to issue a writ of mandamus in connection with Ibe's habeas proceeding, and it follows that there is no ground to issue an order staying or enjoining Ibe's removal proceedings. Ibe can raise with the Immigration Judge his concern that detention has prevented him from adequately preparing applications for relief from removal.

For these reasons, we will deny the emergency petition for a writ of mandamus and motion to stay removal proceedings.[1]

---

[1] Ibe's "Ex Parte Motion for U-Visa Certification," wherein he seeks the same relief from this Court as he seeks in his pending "Motion for U-Visa Certification," is denied without prejudice to Ibe's pursuit of relief before the District Court.

3