**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10060 |
| Plaintiff - Appellee, | D.C. No. 2:97-cr-00410-ROS-1 |
| v. | |
| STEVEN RYAN DOCK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted January 15, 2014[**]
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

Steven Ryan Dock appeals the above-guidelines sentence and five of the

special conditions of supervised release imposed by the district court. We have

jurisdiction under 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Even if the district court erred in discussing Dock's substance abuse problem during the final disposition hearing, the district court did not commit plain error because Dock has not shown "a reasonable probability that he would have received a different sentence" if the district court had not referenced this problem. *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008). There is no evidence that rehabilitative concerns affected either the court's decision to impose a term of imprisonment or its decision to impose an above-guidelines sentence. *See Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011). To the contrary, the district court explained that it exceeded the guidelines "to protect the public from further criminal conduct by [Dock]," which was a valid sentencing consideration. *See* 18 U.S.C. §§ 3553(a)(2)(B), 3582(a).

Because the parties agree that special conditions 6, 8, and 16 are vague, we reverse and remand the imposition of those conditions to the district court for further consideration.

Dock's argument that the district court erred by failing to conduct an individualized determination before imposing special conditions 12 and 13 also fails under any standard of review. The district court did not have an obligation to conduct an individualized determination before imposing a curfew (condition 12) or requiring Dock to wear "appropriate outer clothing" (condition 13), because

2

these conditions do not implicate "particularly significant liberty interest[s]," such as "the fundamental right to familial association," *United States v. Wolf Child*, 699 F.3d 1082, 1091–92 (9th Cir. 2012), or "the constitutional interest inherent in avoiding unwanted bodily intrusions or manipulations," *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008) (internal quotation marks omitted). *Yong v. I.N.S.*, 208 F.3d 1116, 1118 n.1 (9th Cir. 2000), is not to the contrary; it merely recognizes that a person may be "in custody for habeas purposes" when living at a facility that imposes a curfew. Further, the record supports the conclusion that special conditions 12 and 13 are reasonably related to deterrence and protecting the public, and involve no greater a deprivation of liberty than is reasonably necessary for the purpose of supervised release. *See United States v. Blinkinsop*, 606 F.3d 1110, 1118–19 (9th Cir. 2010).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**