**IN RE: Waseem DAKER Petitioner.**

**No. 17-10079-J**

United States Court of Appeals, Eleventh Circuit.

Date Filed: 04/03/2017

Waseem Daker, Pro Se

Michael J. Moore, U.S. Attorney, U.S. Attorney's Office, Macon, GA, for Mandamus Respondent

Before: MARCUS and ROSENBAUM, Circuit Judges.

BY THE COURT:

Waseem Daker, a Georgia prisoner proceeding *pro se*, petitions this Court for mandamus relief in connection with his civil-rights complaint that is currently pending in the Middle District of Georgia, in which he has alleged that he has suffered various punishments for refusing to submit to having his beard shaved for religious reasons. On July 28, 2016, the district court referred his case to a magistrate judge to hold an evidentiary hearing. On December 5, 2016, Daker moved to expedite the evidentiary hearing. The magistrate judge has yet to hold the hearing.

In the instant mandamus petition, Daker asks this Court to compel the district court to rule without further delay on numerous motions that he filed between May 27, 2016, and September 8, 2016. He also asks this Court to order the magistrate judge to hold the evidentiary hearing without further delay. Daker has filed a supplemental mandamus petition, in which he alleges that the punishments for his refusal to shave have escalated significantly since the filing of his original petition.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). Mandamus may be used to direct a district court to decide a pending case when there has been unreasonable delay in rendering a decision. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (holding that a 14-month delay in ruling on a 28 U.S.C. § 2241 petition for no reason other than docket congestion was impermissible).

Here, with regard to Daker's May through August 2016 motions, Daker's mandamus petition is moot, as the motions have already been ruled upon. With regard to ruling on Daker's September 8, 2016, filings, the district court has not unreasonably delayed. *See Johnson*, 917 F.2d at 1284.

However, under the circumstances of this case, Daker has established a clear and indisputable right to mandamus relief to compel the magistrate judge to hold the evidentiary hearing. More than eight months has passed since the district court referred Daker's case to the magistrate judge to hold an evidentiary hearing. Meanwhile, Daker has exercised his alternative remedy of moving for the magistrate judge to hold the hearing without

further delay. *See Jackson*, 130 F.3d at 1004; *Johnson*, 917 F.2d at 1284. He alleges that, as a result of the magistrate judge's delay in holding the hearing, he has suffered escalating punishments, including those that have affected his health and wellbeing, with every refusal to submit to shaving. While we can certainly appreciate the heavy docket of the district court, under the particular circumstances of this case, we find it appropriate to grant Daker's petition to the extent he seeks mandamus relief to compel the magistrate judge to hold an evidentiary hearing on his claims to ascertain, among other things, whether Daker is, in fact, being punished—and particularly, in ways that may affect his health and wellbeing—for exercising constitutionally protected rights. Through this order, we imply no judgment with respect to any of the alleged facts or legal arguments raised.

Accordingly, we hereby **DENY** Daker's mandamus petition to the extent he seeks a ruling on his various motions, but we **GRANT** Daker's petition to the extent he seeks mandamus relief to compel the magistrate judge to hold an evidentiary hearing on his claims.