**James Lewis SAVAGE, Petitioner**

v.

**UNITED STATES of America, Respondent**

**Case No. LA CV 16–03864–VBF**

United States District Court, C.D. California.

Signed October 11, 2016

Brianna Fuller Mircheff, Federal Public Defenders Office, Los Angeles, CA, for Petitioner.

Bruce K. Riordan, Assistant 2241–2255 US Attorney LA–CR, Diana L. Pauli, AUSA–Office of US Attorney, Los Angeles, CA, for Respondent.

CIVIL MINUTES—GENERAL

**PROCEEDINGS (in chambers): OR-DER Denying Document # 8 (Government's Motion to Stay Section 2255 Proceeding Pending Decision in *Beckles*);**

**Permitting Savage to File a Reply in Support of Habeas Petition No Later Than Friday, November 4, 2016**

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, SENIOR U.S. DISTRICT JUDGE

James Lewis Savage ("petitioner") was arrested on February 14, 2008. *See* Case Management / Electronic Case Filing System docket for LA CR 08–00258–VBF, Document ("Crim Doc") 2. On February 19, 2008, the United States Magistrate Judge approved a criminal complaint against Savage (Crim Doc 1), and a Report Commencing Criminal Action number was filed (Crim Doc 2). On February 29, 2008, a federal grand jury issued an indictment charging petitioner with one count of bank robbery in violation of 18 U.S.C. section 2113(a). *See* Crim Doc 8; *see also* Crim Docs 9–10 (Case Summary and Memorandum filed by prosecution). On June 5, 2008, the parties filed their written plea agreement (Crim Doc 18). On June 12, 2008, the Court conducted a plea colloquy and accepted petitioner's guilty plea, *see* Crim Doc 20 (Minutes of Plea Hearing).

After considering petitioner's sentencing memo (Crim Doc 21), this Court on September 25, 2008 held a sentencing hearing (Crim Doc 24) and issued a Judgment and Commitment Order (Crim Doc 26) sentencing petitioner to three years in federal prison followed by three years of supervised release.

On June 2, 2016, Deputy Federal Public Defender Mircheff entered an appearance on behalf of petitioner (Crim Doc 26) and

filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. section 2255 (Crim Doc 27 or Civil Doc 1), as well as a copy of petitioner's sealed presentence report (Crim Doc 28 or Civil Doc 4).

By Order issued July 13, 2016, this Court stated as follows: "Petitioner should receive a ruling without undue delay. To that end, the Court would benefit from a full exposition of the parties' views on the habeas petition. Accordingly, the Court will set deadlines for the United States Attorney's Office ("USAO")'s mandatory response to the section 2255 motion, and for petitioner's optional reply thereto." CV Doc 6 at 2. That Order set deadlines of August 31, 2016 for the government's mandatory response to the section 2255 motion and September 30, 2016 for petitioner's optional reply, see CV Doc 6 at 2. On August 18, 2016, AUSA Riordan entered an appearance on behalf of respondent (CV Doc 7).

**On August 24, 2016, the government filed a motion to stay briefing and consideration of Savage's section 2255 habeas motion pending the United States Supreme Court's decision in** *Beckles v. United States,* **No. 15–8544 (Civil Doc 8).** By Order issued August 26, 2016 (Civil Doc 10), this Court established deadlines for optional response and reply briefs on the government's stay motion. On Savage's behalf, the AFPD timely filed a brief opposing a stay (Doc 9); the government timely filed a reply (Doc 11). **For the reasons that follow, the Court will deny the government's stay motion.**

LEGAL STANDARD FOR STAYS OF A HABEAS CORPUS ACTION

■ When deciding whether to exercise its discretion to stay a civil or criminal proceeding, a federal court in the Ninth Circuit must balance several potentially competing interests:

Among these competing interests are the possible damage which may result [to the party opposing a stay] from the granting of a stay, the hardship or inequity which a party [seeking a stay] may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962); *see also Federal Savings & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 903 (9th Cir. 1989). The longer the stay, the stronger the justification must be for staying a case. *See Yong v. INS,* 208 F.3d 1116, 1119 (9th Cir. 2000).

■ Moreover, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong,* 208 F.3d at 1121. In habeas proceedings, "special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Yong,* 208 F.3d at 1121 (quoting *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)). Indeed, in *Yong* the Ninth Circuit held that a district court had abused its discretion in staying habeas proceedings pending a decision in a pending appeal called *Ma* that raised similar issues. The Ninth Circuit held that the stay, which would last for an indefinite period of time, placed a "significant burden" on the petitioner by delaying progress on his petition contending that the INS was unconstitutionally detaining him. *See Yong,* 208 F.3d at 1120–21. **The Circuit stated that "although a short stay may be appropriate in a habeas case … we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case."** *Yong,* 208

F.3d at 1120. The *Yong* panel reversed the stay-pending-decision even though the related appeal in question, *Ma*, had been placed on an expedited schedule.

## ANALYSIS: GOVERNMENT HAS NOT SHOWN THAT A STAY WOULD BE PROPER

■ **In its opening brief seeking an indefinite stay, the government argues as follows:**

\* \* \* Savage ... contend[s] that his sentence as a career offender within the meaning of USSG § 4B1.2 is unconstitutional in light of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2[0]15) (holding that the so-called "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. section 924(e)(2)(B) ("ACCA"), is unconstitutionally vague).

For defendant to prevail on his motion, he must establish, among other things, that *Johnson*'s constitutional holding applies to the residual clause definition of a "crime of violence" in USSG 4B1.2's Career Offender Guideline and that it does so retroactively on collateral review. Those questions are now before the Supreme Court in *Beckles v. United State*, —— U.S. ——, [136 S.Ct. 2510, 195 L.Ed.2d 838] (2016) (order granting certiorari), which will be briefed over the summer and argued in the upcoming October 2016 Supreme Court term.

[footnote 1] **The government will concede in the Supreme Court that *Johnson*'s constitutional holding applies to the residual clause definition of a "crime of violence" in USSG 4B1.2's Career Offender Guideline in cases on direct review [direct appeal]. \* \* \* But the government will dispute that it does so retroactively for purposes of Guidelines challenges on collateral re-**

view [habeas corpus review]. \* \* \* Moreover, the government is optimistic that its view of that issue will prevail. Three of the four Courts of Appeals to have considered the issue have held that *Johnson* does not apply retroactively to Guidelines challenges on collateral review. [citations to Fifth, Eighth, and Eleventh Circuits omitted, versus Fourth Circuit on the other side of this retroactivity issue] \* \* \*

CV Doc 78 at 3–4 with n.1 (paragraph breaks and boldface added).

**As the public defender notes (CV Doc 9 at 3–4), both the Supreme Court and the Ninth Circuit strongly disfavor long or potentially indefinite stays.** *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.") (citing *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (requiring a strong showing to justify an indefinite stay)); *Hawaii Wildlife Fund v. County of Maui*, 24 F.Supp.3d 980, 991–92 (D. Haw. 2014) ("The County is therefore asking for *the disfavored remedy of an'indefinite, and potentially lengthy stay* for as long as administrative proceedings may continue.") (citing *Yong*, 208 F.3d at 1121) (emphasis added), *denying motion to certify interlocutory appeal*, 2015 WL 1608430 (D. Haw. Apr. 9, 2015); *Medicis Pharmaceutical Corp. v. Acella Pharmaceuticals, Inc.*, 2011 WL 587094, \*1 (D. Ariz. Feb. 9, 2011) (James Teilborg, J.) ("In general, the Court disfavors indefinite and potentially lengthy stays pending the outcome of external proceedings").

In *Landis v. North American Company*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), the district court stayed a civil proceeding pending a Supreme Court decision in a case called *Electronic Bond*. The district court reasoned that even if the forthcoming decision did not resolve all the

questions involved, it would "certainly narrow the issues and assist in the determination of legal questions." *See Landis*, 299 U.S. at 253, 57 S.Ct. 163. The Supreme Court recognized a district court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," but it nevertheless vacated the stay. *See Landis*, 299 U.S. at 254 and 259, 57 S.Ct. 163.

The Supreme Court held that "if there is even a fair possibility that the stay ... will work damage to someone else", the party seeking the stay "must make out a clear case of hardship or inequity", *Landis*, 299 U.S. at 255, 57 S.Ct. 163; *see, e.g., Aluya v. Management &Training Corp.*, No. 1:13-cv-01345-AWI, 2013 WL 6009943, *3 (E.D. Cal. Nov. 13, 2013) (denying without prejudice the defendant's motion to stay proceedings pending resolution of arguably related administrative proceedings, court stated, "Defendant has not set forth 'a clear case of hardship' if the action were to proceed, and the factors set forth by the Circuit in *CMAX, Inc.* and *Molinaro* weigh in favor of the action proceeding without ... a stay."). The Supreme Court cautions that "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another [case] settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255, 57 S.Ct. 163.

The Ninth Circuit has stated that " '[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The government makes the conclusory assertion that the Supreme Court will issue its decision in *Beckles* "in relatively short order", CV Doc 7 at 4, and that "[a] stay in this case will last only a matter of months", CV Doc 8 (Gov's Stay Reply at 7).

But the government presents no actual evidence or reason to suggest that the Supreme Court will decide *Beckles* in unusually quick fashion, such as an expedited briefing and argument schedule issues by the Supreme Court. The government merely notes that "*Beckles* was among the first twenty-five cases granted [certiorari] for the October 2016 Term", CV Doc 8 (Stay Mot.) at 4 n.2. Significantly, however, the government does not even allege that the Supreme Court has set an expedited briefing or argument schedule in *Beckles*.

On the contrary, the Supreme Court website reports that the government filed its brief on September 19, 2016, and amici curiae have until *late October, 2016* to file briefs. *See* https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm, last retrieved on October 11, 2016. The Supreme Court apparently has not yet even scheduled oral argument in *Beckles*.

■ There is no particular reason, then, to guess that the Supreme Court will issue its decision in *Beckles* in just two or three months. Absent evidence to the contrary, one should generally expect a substantially longer period to elapse before the Supreme Court issues the decision. *Accord, e.g., Anderson v. Strauss Neibauer & Anderson APC Profit Sharing Plan*, 2010 WL 4628293, *6 (E.D. Cal. Nov. 5, 2010) (declining to stay action pending resolution of state-court case involving related issues where, *inter alia*, "the state court case is not set for trial until March 2011 and ... could be 'trailing' several other cases also set for trial on that date" while "[i]n contrast, the federal

case ... is set for trial in this court on January 11, 2011") (citing *Leyva*, 593 F.2d at 864); *Thomas v. United States*, No. 8:16–cv–01025–AG Doc. 12 at 5 (C.D. Cal. July 29, 2016) (Guilford, J.) ("[L]ike in *Yong*, the government's requested stay would also last indefinitely, as it is unclear when the Supreme Court will issue its decision in *Beckles*, which hasn't even been set for oral argument. Indeed, the Supreme Court may not even resolve the case within a year given the current composition of the Court.").

██ In any event, every day during which the government deprives a person of his liberty is rightly meaningful to the person thus deprived. Such deprivation of liberty must also be troubling and to the judiciary, which is sworn to speedily vindicate individual rights against unconstitutional government intrusion. **Vindication of individual rights must be expeditious, especially when the alleged deprivation is still ongoing. Every day of unconstitutional confinement is a new and serious harm** that the law must strive mightily to avoid. *See Sun Pacific Marketing Cooperative, Inc. v. DiMare Fresh, Inc.*, No. Civ–F–06–1404–AWI, 2007 WL 1174651 (E.D. Cal. Apr. 19, 2007) ("A stay may be disfavored where the suit includes allegations of ongoing or future harms as opposed to one dealing solely with past harms.") (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).

Thus, even if there were reason to expect the Supreme Court to rule in *Beckles* within "only" three or six months, this Court must take a dim view of a stay that keeps a man imprisoned for months while he waits for a decision that may well announce he was eligible to be freed months or even years before. *Accord Thomas*, No. 8:16–cv–01025–AG Doc. 13 ("[E]very day delaying resolution of their Section 2255 Motions means an additional day that Peti-

tioners are potentially unconstitutionally detained. Such potential prejudice that affects Petitioner's liberty interests vastly outweighs any purported benefit to staying these proceedings.").

**The Ninth Circuit appears to take a similar view, because it has recently refused a lengthy or indefinite stay of two appeals that present the same questions as *Beckles*.** The Ninth Circuit initially stayed its proceedings in *Gardner v. United States*, No. 15–72559, and *Jacob v. United States*, No. 15–73779, right after the Supreme Court granted certiorari in *Beckles* on June 27, 2016. As the government acknowledges, however, on August 1, 2016, the Ninth Circuit lifted the stay in *Gardner* and *Jacob*, allowing those cases to proceed despite the pendency of the same issues in the *Beckles* case. *See* CV Doc 6 (Gov Stay Motion) at 3.

The government urges this Court to follow the Courts of Appeals *in other Circuits* which have continued to stay their own *Johnson*-based habeas appeals pending the Supreme Court's ruling in *Beckles*. The Court disagrees with the government on this score. The fact that our Court of Appeals views a stay pending *Beckles* as inappropriate, is itself a good reason for this Court to likewise refuse a stay pending *Beckles*. *Accord United States v. St. James*, 2016 WL 4239404, *2 (N.D. Cal. Aug. 11, 2016) (Hamilton, J.) (denying motion to stay habeas proceedings indefinitely pending *Beckles* decision, in part because "the Ninth Circuit recently lifted the stays previously entered in *Gardner v. United States*, No.15–72559[,] and *Jacob v. United States*, No. 15–73302 (9th Cir. Aug. 1, 2016), which the government [cites] in support of the ... stay. Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to the defendant, and a stay is not warranted."); *United States v. Rober-*

*son*, No. 12–cr–00550, 2016 WL 4208435, *2 (N.D. Cal. Aug. 10, 2016) (same); *United States v. Stewart*, No. 13–cr–00131, 2016 WL 4208799, *2 (N.D. Cal. Aug. 10, 2016) (same).

**The unfairness of a stay—particularly an indefinite and potentially lengthy stay—is particularly egregious in Savage's case. The record suggests that if Savage wins the instant habeas motion, he may be eligible to ask for a new sentence of "time served" on re-sentencing.**

The public defender notes, without contradiction from the government, that Savage has been in custody since February 14, 2008. That amounts to about one hundred four months even without considering the application of "good time" credit. *See* CV Doc 9 (Def's Opp to Stay) at

The public defender argues that if Savage were to prevail on his section 2255 habeas motion, he would be in a strong position to seek a new sentence of time already served based on the revised (post–*Johnson*) U.S. Sentencing Guidelines, *see* CV Doc 9 at 2. The public defender states, without contradiction from the government, that (1) if Savage convinces this Court to reverse the career-offender determination on the strength of *Johnson* (U.S. 2015), his offense level would be 19 instead of 20; (2) with Savage's criminal history category consequently lowered from VI to IV, the U.S. Sentencing guidelines at the time of the original sentencing then have recommended Savage be imprisoned only for 46 to 57 months, rather than the 151–188–month recommendation generated for offense level 20. *See* CV Doc 9 (Savage Opp to Stay) at 2. In short, the government does not contest the public defender's conclusion that "[h]ad [Savage] received a sentence even at the high end of the non-career-offender guideline range in-

stead of [career-offender] sentence he actually received, his sentence would have expired in April 2012." Doc 9 at 2 (footnote 1 omitted).

This does not necessarily imply, of course, that this Court would impose such a greatly reduced sentence in the event of resentencing. At this juncture, it would be premature to intimate an opinion on the appropriate new sentence for Savage if he wins habeas relief on this section 2255 motion. But it does mean that **if Savage wins resentencing, he will at least be *eligible* for a Guideline-recommended term of imprisonment that is far less than the time he had already served when the Court issued today's Order. Even the *high* end of the apparently-applicable non-career-offender Guideline recommendation (57 months) would be more than four years shorter than the time that petitioner has already served as of today. The *low* end of the apparently applicable non-career-offender Guideline recommended range (46 months) would be closer to *five* years shorter than the time Savage has already served as of today.**

**As another district judge reasoned in denying a similar stay motion recently,**

The United States also argues that it may seek an upward variance upon resentencing Defendant, such that Defendant may not be subject to immediate release upon resentencing. Defendant contends the United States has failed to show hardship and that he faces a serious risk of damage—namely, unwarranted prison time—if a stay is granted. Defendant also notes that the Tenth Circuit denied the United States' request for abatement [sic] in a case similar to this where that defendant was likely subject to immediate release [upon resentencing following *Johnson*-based ha-

beas relief]. *See United States v. Evans*, No. 16–1171 (10th Cir. July 14, 2016).

The Motion to Stay is denied for three reasons. First, there exists a fair possibility, and indeed a substantial possibility, that a stay would damage this Defendant by delaying his release from prison. The Court rarely sentences above the maximum Guideline[recommended] range, and the United States has not specified any particular facts supporting a possible motion for upward variance upon Defendant's re-sentencing.

* * * Therefore, the Court holds that *Defendant's possible right to immediate release trumps any judicial economy or saving of judicial resources that would be occasioned by a stay.* * * *

*United States v. Fisher*, 2016 WL 4442800, *2 (N.D. Okla. Aug. 22, 2016) (Kern, J.) (emphasis added).

**In short, if this Court grants this habeas petition on the strength of *John-son*, Savage could end up having served years of his life beyond any sentence that is within the likely new recommended guideline range of 46–57 months.** Judge Tigar reasoned similarly in his recent opinion denying a *Beckles* stay:

> Th[is] Court denied the government's motion to stay this case in light of *Beckles*, noting: "Were the Court to wait until the Supreme Court issues its ruling in *Beckles* before ruling on the defendant's [2255] motion, such a delay might moot any relief that might be due to Defendant, especially given that Defendant's anticipated release date is June 28, 2017."

*United States v. Heri Garcia*, 202 F.Supp.3d 1109, 1117, 2016 WL 4364438, *5 n.4 (N.D. Cal. Aug. 16, 2016). **Judge Guilford of our District likewise denied a *Beckles* stay as too prejudicial to habeas petitioners Clegg and Thomas:**

According to Clegg, had he not been sentenced as a career offender[,] and accounting for good-time credit, he would have been released on August 13, 2013. Likewise for Thomas, he may have been released as early as February 16, 2014, had he not been sentenced as a career offender. *As in Yong, every day delaying resolution of their Section 2255 Motions means an additional day that Petitioners are potentially unconstitutionally detained.*

*Thomas v. United States*, No. 8:16–cv–01025–AG Doc. 12 at 6 (C.D. Cal. July 29, 2016) (not on WL) (italics added); *see also Robinson v. United States*, No. CV 16–04513 Doc. 11 at 2 (C.D. Cal. July 22, 2016) (**Otero, J.**) ("Petitioner contends that ... had he instead received twelve months over the high end of the *non*-career-of-fender guideline instead of the sentence that he in fact received, his sentence would have expired around January, 2015. The Government does not dispute these estimates either in its Application or its Reply. [T]he Government postulates that '[a] stay in this case will last only for a matter of months,' .... [T]he Court nevertheless finds that 'there is a fair possibility Petitioner would be prejudiced [by a stay pending *Beckles*].") (italics added, record citations omitted); *Joe Pettis III v. United States*, No. 8:16–cv–01081–DOC Doc. 8 at 2 (C.D. Cal. July 15, 2016) (**Carter, J.**) ("His current release date is ... just over seven years away. Petitioner asserts prompt resolution of his motion to vacate is appropriate given that, '[s]hould he prevail on his motion to vacate, the low end of his Guideline range would go down by 74 months, just over six years.' The Court agrees there is a fair possibility Petitioner would be prejudiced [by a stay pending *Beckles*].") (citation omitted); *United States v. Beane*, No. 08–cr–00260, 2016 WL 4045392, *2 (N.D. Cal. July 28, 2016) (**Phyllis Hamilton, J.**) ("[S]taying these proceedings

pending a decision by the Supreme Court on this threshold question could result in *prejudicial delay to defendant, who seeks a reduced term of imprisonment that, if granted and subject to resentencing, could be exceeded by time served.* Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to defendant, and a stay is not warranted.") (italics added); *United States v. Rice,* No. CR 12–818–PJH, 2016 WL 4045381, *2 (N.D. Cal. July 28, 2016) (same).

**In conclusion, the Court relies on the Ninth Circuit's statement that "although a short stay may be appropriate in a habeas case … we have** *never* **authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case."** *Yong,* 208 F.3d at 1120. The government has not shown that this Court should take a step that the Ninth Circuit itself has never found appropriate. On this record, the Court will not force petitioner Savage to remain in prison while he waits indefinitely, perhaps another year, for a decision in *Beckles* before receiving a ruling on this habeas petition—a petition that raises a colorable ground for habeas relief on the merits.

**Such a potentially lengthy delay would violate the principle that "[t]he writ of habeas corpus, challenging illegality of detention, is reduced to a sham if … trial courts do not act within a reasonable time."** *Knox v. United States,* No. C16–5502, 2016 WL 3906915, *1 (W.D. Wash. July 19, 2016) (quoting *Jones v. Shell,* 572 F.2d 1278, 1280 (8th Cir. 1978)). **As our Circuit has cautioned, "[a] long stay" in a habeas case "also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights."** *Yong* 208 F.3d at

1120. *Accord United States v. Christobal Miguel Rios,* No. 2:13–cr–02059, 2016 WL 4472996, *1, 201 F.Supp.3d 1266, 1270 (E.D. Wash. Aug. 12, 2016) ("[O]n July 5, 2016, the Court struck the hearing date on Mr. Rios's [section 2255] motion and requested supplemental briefing on whether a stay pending *Beckles* was appropriate. Having concluded that a stay would be improper, the Court issues the following ruling" granting habeas relief and resentencing on the authority of *Johnson v. US*).

**For these reasons, the Court will deny the government's motion to stay this section 2255 proceeding.** The government has already filed a timely brief opposing Savage's section 2255 motion (Doc 13). The government contends that petitioner waived his right to collaterally attack this conviction or sentence, and that his habeas claims are both procedurally defaulted and time-barred, *see* Doc 13 at 5–21. Alternately, respondent contends that Savage's habeas claims lack merit, *see* Doc 13 at 21–41. Thus, the Court merely needs to wait and see whether Savage files an optional reply brief in support of his section 2255 motion. *See* Rules Governing 28 U.S.C. Section 2255 Proceedings in the U.S. District Courts, Rule 5(d) ("The moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge"). The Court will slightly extend Savage's reply deadline.

### ORDER

The government's "Ex Parte Application to Stay Proceedings Related to Defendant–Petitioner's motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. section 2255 Pending the Supreme Court's Resolution of *Beckles v. United States,* No. 15–8544" [**Doc # 8**] is **DENIED.**

No later than Friday, November 4, 2016, **petitioner Savage MAY FILE a reply** in support of his habeas corpus petition.

IT IS SO ORDERED.