Anthony NMI MCPETERS,
Defendant–Petitioner

v.

UNITED STATES of America,
Plaintiff–Respondent

Case No. LA CR 06–00167–VBF–1
LA CR 06–00409–VBF–1
LA CV 16–06079–VBF, LA
CV 16–06135–VBF

United States District Court,
C.D. California.

Signed October 19, 2016

Brianna Fuller Mircheff, Federal Public Defenders Office, Los Angeles, CA, for Petitioner.

Veronica Dragalin, Assistant 2241–2255 Us Attorney La–Cr, Bruce K. Riordan, Office of US Attorney, Los Angeles, CA, for Respondent.

**PROCEEDINGS (IN CHAMBERS): ORDER Denying Document # 8 (Government's Request to Stay This Habeas Action Pending Supreme Court Decision in _Beckles_ ); Directing Government to Respond to Section 2255 Motion by Friday, November 11, 2016; Permitting McPeters to Reply by Monday, December 5, 2016**

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES DISTRICT JUDGE

On February 17, 2006, a criminal complaint and a Report Commencing Criminal Action issued against Anthony NMI [sic] McPeters ("petitioner"). _See_ Case Management /electronic Case Filing System Documents ("Docs") 1–2. On February 17, 2006, Magistrate Judge Jacqueline Chooljian arraigned petitioner and ordered him permanently detained pending trial, _see_ Docs 5–6. A federal grand jury issued an indictment on March 3, 2006 charging petitioner with one count of bank robbery in violation of 18 U.S.C. section 2113(a). _See_ Doc 8; _see also_ Docs 9–11 (case summary and memoranda filed by prosecution March 3, 2006). The Magistrate Judge conducted post-indictment arraignment on March 13, 2006 (Docs 12–13). On September 11, 2006, Judge Robert Takasugi conducted a plea colloquy and accepted petitioner McPeters's guilty plea to the lone count of the indictment (Minutes of Plea Hearing at Doc 22).

After considering the parties' sentencing memoranda (Docs 23, 28, and 34), Judge Takasugi conducted a sentencing hearing on February 12, 2007 (Minutes of Sentencing Hearing at Doc 36). On February 14, 2007, Judge Takasugi issued a Judgment and Commitment Order (Doc 37) and then an Amended Judgment (Doc 38) imposing a term of 188 months (15 years and 8 months) in federal prison followed by three years of supervised release.

Petitioner McPeters's Direct Appeal. On February 22, 2007, petitioner timely filed a notice of appeal (Doc 39), which the Ninth Circuit acknowledged by Notice issued April 19, 2007 (Doc 44). The Ninth Circuit affirmed the criminal judgment against petitioner, issuing its Mandate (Doc 55) on October 22, 2009. So far as the record reflects, petitioner did not petition the U.S. Supreme Court for certiorari.

While petitioner's direct appeal from the Judgment of Conviction was pending, his case was reassigned from District Judge Takasugi to the undersigned judge.

Petitioner McPeters's Prior Collateral Attacks. On October 18, 2010, petitioner filed a Motion to Set Aside, Correct, or Vacate Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("the first 2255 motion"), which was docketed as Civil Case number LA CV 10–07808–VBF (Doc 56). On July 20, 2011, this Court issued an Order (Doc 61) denying the first 2255 motion; this Court subsequently issued an Order (Doc 66) denying a certificate of appealability. On September 13, petitioner filed a notice of appeal (Doc 62), which the Ninth Circuit acknowledged as Appeal No. 11–56724 by Notice issued November 18, 2011 (Doc 65). By Order issued October 22, 2012 (Doc 68), the Circuit likewise denied a certificate of appealability.

On February 28, 2011, petitioner filed another Motion to Set Aside, Correct, or Vacate Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. Section 2255 ("the second 2255 motion") and a Supplement, which were docketed in a new Civil Case number LA CV 10–08071–VBF (Docs 59–60). This Court denied the second 2255 motion as well.

More recently, on April 20, 2016, deputy public defender Brianna Fuller Mircheff entered an appearance on behalf of petitioner in both criminal cases (CR–167 Doc 69 and CR–409 Doc 52). The DPD filed a document stating:

> Petitioner … has filed an application in the Ninth Circuit for leave to file a second or successive motion to vacate his sentence, as well his proposed 2255 petition, Case No. 16–71140. Petitioner hereby files the attached petition in this Court as well, protectively, in order to ensure compliance with the one-year statute of limitations. Petitioner asks that this Court hold this petition in abeyance until such time as the Ninth Circuit grants his application. Petitioner will notify the Court if and when his application is granted.

CR–167 Doc 70 and CR–409 Doc 53 at 1–2. By Order issued July 13, 2016 (CR–167 Doc 71), the Court stayed this action and held it in abeyance pending the Circuit's ruling on petitioner's pending application for leave to file a second-or-successive section 2255 motion.

By Order issued August 9, 2016 (CR–167 Doc 72 and CR–409 Doc 55), the Circuit granted McPeters leave to file this second-or-successive section 2255 motion as to the convictions in both criminal cases. Accordingly, on August 15, 2016, the Clerk's Office created the civil actions LA CV 16–06079–VBF and LA CV 16–06135–VBF for the habeas proceedings, and filed McPeters's section 2255 motion in both criminal cases and both civil cases. See Doc 1 in the civil cases; see also CR–167 Doc 74 and CR–409 Doc 57.

Last Tuesday, October 11, 2016, the government filed a motion to stay these habeas proceedings indefinitely pending the Supreme Court's decision in *Beckles v. United States*. See CR–167 Doc 78 and CR–409 Doc 62; see also CV–6079 Doc 8 and CV–6135 Doc 8. That same day, this Court issued an Order (CV–6135 Doc 9) permitting petitioner McPeters to file a response to the stay motion by Wednesday, October 19, 2016.

Petitioner timely filed a brief opposing the stay on October 13, 2016. See CR–167 Doc 79 and CR–409 Doc 63; see also CV–6135 Doc 10.

The government filed a reply in support of its stay motion two days ago, on Monday, October 17, 2016. See CR–167 Doc 81 and CR–409 Doc 65; see also CV–6135 Doc 12.

LEGAL STANDARD FOR STAYS OF A HABEAS CORPUS ACTION

██ When deciding whether to exercise its discretion to stay a civil or crim-

inal proceeding, a federal court in the Ninth Circuit must balance several potentially competing interests:

█ Among these competing interests are the possible damage which may result [to the party opposing a stay] from the granting of a stay, the hardship or inequity which a party [seeking a stay] may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962); *see also Federal Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). "The longer the stay, the stronger the justification must be for staying a case." *Savage v. US*, No. LA CV 16–03684 Doc. 16 at 3, —— F.Supp.3d ——, 2016 WL 7176693 (C.D. Cal. Oct. 11, 2016) (Valerie Baker Fairbank, Sr. J.) (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000)).

█ Moreover, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong*, 208 F.3d at 1121. In habeas proceedings, "special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Yong*, 208 F.3d at 1121 (quoting *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)). Indeed, in *Yong* the Ninth Circuit held that a district court had abused its discretion in staying habeas proceedings pending a decision in a pending appeal called *Ma* that raised similar issues. The Ninth Circuit held that the stay, which would last for an indefinite period of time, placed a "significant burden" on the petitioner by delaying progress on his petition contending that the INS was unconstitu-tionally detaining him. *See Yong*, 208 F.3d at 1120–21. The Circuit stated that "although a short stay may be appropriate in a habeas case … we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *Yong*, 208 F.3d at 1120. The *Yong* panel reversed the stay-pending-decision even though the related appeal in question, *Ma*, had been placed on an expedited schedule.

## ANALYSIS: GOVERNMENT HAS NOT SHOWN THAT A STAY WOULD BE PROPER

█ In its opening brief seeking an indefinite stay, the government argues as follows:

* * * McPeters … contend[s] that his sentence as a career offender within the meaning of USSG § 4B1.2 is unconstitutional in light of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (holding that the so-called "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. section 924(e)(2)(B) ("ACCA"), is unconstitutionally vague).

For defendant to prevail on his motion, he must establish, among other things, that *Johnson*'s constitutional holding applies to the residual clause definition of a "crime of violence" in USSG § 4B1.2's Career Offender Guideline and that it does so retroactively on collateral review.

Those questions are now before the Supreme Court in *Beckles v. United State*, —— U.S. ——, 136 S.Ct. 2510, 195 L.Ed.2d 838, (2016) (order granting certiorari), which will be briefed over the summer and argued in the upcoming October 2016 Supreme Court term.

[footnote 1] **The government will concede in the Supreme Court that *John-***

*son*'s constitutional holding applies to the residual clause definition of a "crime of violence" in USSG § 4B1.2's Career Offender Guideline in cases on direct review [direct appeal]. * * * But the government will dispute that it does so retroactively for purposes of Guidelines challenges on collateral review [habeas corpus review]. * * * Moreover, the government is optimistic that its view of that issue will prevail. Three of the five Courts of Appeals to have considered the issue have held that *Johnson* does not apply retroactively to Guidelines challenges on collateral review. [citations to Fifth, Eighth, and Eleventh Circuits omitted, versus Fourth and Sixth Circuits on the other side of this retroactivity issue] * * *

CV–6135 Doc 8 at 3–4 n.2 (paragraph breaks and boldface added). In its reply brief, the government further reasons that "[i]f this Court were to decide the merits of defendant's [section 2255 habeas] motion now, the losing party would undoubtedly appeal given the pendency of *Beckles*. The government's requested stay avoids this extra round of litigation, as well as the extra litigation in this Court that will ensue if the appealing party prevails." CV–6135 Doc 12 (Gov's Reply in Support of Motion to Stay McPeters' Habeas Proceedings) at 3 n.1.

As the public defender notes, both the Supreme Court and the Ninth Circuit strongly disfavor long or potentially indefinite stays. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.") (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (requiring a strong showing to justify an indefinite stay)); *Hawaii Wildlife Fund v. County of Maui*, 24 F.Supp.3d 980, 991–92 (D. Haw. 2014) ("The County is therefore asking for *the disfavored remedy of an 'indefinite, and potentially*

*lengthy stay* for as long as administrative proceedings may continue.") (citing *Yong*, 208 F.3d at 1121) (emphasis added), *denying motion to certify interlocutory appeal*, 2015 WL 1608430 (D. Haw. Apr. 9, 2015); *Medicis Pharmaceutical Corp. v. Acella Pharmaceuticals, Inc.*, 2011 WL 587094, *1 (D. Ariz. Feb. 9, 2011) (James Teilborg, J.) ("In general, the Court disfavors indefinite and potentially lengthy stays pending the outcome of external proceedings").

In *Landis v. North American Company*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), the district court stayed a civil proceeding pending a Supreme Court decision in a case called *Electronic Bond*. The district court reasoned that even if the forthcoming decision did not resolve all the questions involved, it would "certainly narrow the issues and assist in the determination of legal questions." *See Landis*, 299 U.S. at 253, 57 S.Ct. 163. The Supreme Court recognized a district court's inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," but it nevertheless vacated the stay. *See Landis*, 299 U.S. at 254 and 259, 57 S.Ct. 163.

The Supreme Court held that "if there is even a fair possibility that the stay ... will work damage to someone else", the party seeking the stay "must make out a clear case of hardship or inequity", *Landis*, 299 U.S. at 255, 57 S.Ct. 163; *see, e.g., Aluya v. Management &Training Corp.*, No. 1:13cv01345AWI, 2013 WL 6009943, *3 (E.D. Cal. Nov. 13, 2013) (denying without prejudice the defendant's motion to stay proceedings pending resolution of arguably related administrative proceedings, court stated, "Defendant has not set forth 'a clear case of hardship' if the action were to proceed, and the factors set forth by the Circuit in *CMAX, Inc.* and

*Molinaro* weigh in favor of the action proceeding without . . . a stay.").

■ The Supreme Court cautions that "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another [case] settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255, 57 S.Ct. 163.

The Ninth Circuit has stated that " '[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The government makes the conclusory assertion that the Supreme Court will issue its decision in *Beckles* in relatively short order and that a stay in this case will last only a matter of months.

"But the government presents no actual evidence or reason to suggest that the Supreme Court will decide *Beckles* in unusually quick fashion, such as an expedited briefing and argument schedule issue[d] by the Supreme Court." *Savage v. US*, No. LA CV 16–03684–VBF Doc. 16 at 6, — F.Supp.3d —, 2016 WL 7176693 (C.D. Cal. Oct. 11, 2016). Significantly, the government does not even allege that the Supreme Court has set an expedited briefing schedule.

On the contrary, the Supreme Court website reports that the government filed its brief in September 2016, and amici have until *this Friday, October 21, 2016* to file briefs. *See* https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15–8544.htm, last retrieved October 19, 2016. The Supreme Court docket reflects no filings since one month ago, when the government filed its brief. The Supreme Court has not yet even scheduled oral argument in *Beckles*.

"There is no particular reason, then, to guess that the Supreme Court will issue its decision in *Beckles* in just two or three months. Absent evidence to the contrary, one should generally expect a substantially longer period to elapse before the Supreme Court issues the decision." *Savage v. US*, No. LA CV 16–03684–VBF Doc. 16 at 6, — F.Supp.3d —, 2016 WL 7176693 (C.D. Cal. Oct. 11, 2016) (citing, *inter alia*, *Anderson v. Strauss Neibauer & Anderson APC Profit Sharing Plan*, 2010 WL 4628293, *6 (E.D. Cal. Nov. 5, 2010) (declining to stay action pending resolution of state-court case involving related issues where, *inter alia*, "the state court case is not set for trial until March 2011 and . . . could be 'trailing' several other cases also set for trial on that date" while "[i]n contrast, the federal case . . . is set for trial in this court on January 11, 2011") (citing *Leyva*, 593 F.2d at 864)); *see also Thomas v. United States*, No. 8:16–cv–01025–AG Doc. 12 at 5 (C.D. Cal. July 29, 2016) (Andrew Guilford, J.) ("[L]ike in *Yong*, the government's requested stay would also last indefinitely, as it is unclear when the Supreme Court will issue its decision in *Beckles*, which hasn't even been set for oral argument. Indeed, the Supreme Court may not even resolve the case within a year given the current composition of the Court.").

■ "In any event, every day during which the government deprives a person of his liberty is rightly meaningful to the person thus deprived. Such deprivation of liberty must also be troubling and to the judiciary, which is sworn to speedily vindicate individual rights against unconstitutional government intrusion." *Savage v. US*, No. LA CV 16–03684–VBF Doc. 16 at 7, — F.Supp.3d —, 2016 WL 7176693 (C.D. Cal. Oct. 11, 2016). "Vindication of individual rights must be expeditious,

especially when the alleged deprivation is still ongoing. Every day of unconstitutional confinement is a new and serious harm that the law must strive mightily to avoid." *Savage v. US*, No. LA CV 16–03684–VBF Doc. 16 at 3, —— F.Supp.3d ——, 2016 WL 7176693 (C.D. Cal. Oct. 11, 2016) (citing *Sun Pacific Marketing Cooperative, Inc. v. DiMare Fresh, Inc.*, No. Civ–F–06–1404–AWI, 2007 WL 1174651 (E.D. Cal. Apr. 19, 2007) ("A stay may be disfavored where the suit includes allegations of ongoing or future harms as opposed to one dealing solely with past harms.") (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005))).

■ "Thus, even if there were reason to expect the Supreme Court to rule in *Beckles* within 'only' three or six months, this Court must take a dim view of a stay that keeps a man imprisoned for months while he waits for a decision that may well announce he was eligible to be freed months or even years before." *Savage v. US*, No. LA CV 16–03684–VBF Doc. 16 at 3, —— F.Supp.3d ——, 2016 WL 7176693 (C.D. Cal. Oct. 11, 2016) (citing *Thomas*, No. 8:16–cv–01025–AG Doc. 13 ("[E]very day delaying resolution of their Section 2255 Motions means an additional day that Petitioners are potentially unconstitutionally detained. Such potential prejudice that affects Petitioner's liberty interests vastly outweighs any purported benefit to staying these proceedings.")).

**"The Ninth Circuit appears to take a similar view, because it has recently refused a lengthy or indefinite stay of two appeals that present the same questions as *Beckles*."** *Savage v. US*, No. LA CV 16–03684–VBF Doc. 16 at 7, —— F.Supp.3d ——, 2016 WL 7176693 (C.D. Cal. Oct. 11, 2016). The Ninth Circuit initially stayed its proceedings in *Gardner v. United States*, No. 15–72559, and *Jacob v. United States*, No. 15–73779, right after the Supreme

Court granted certiorari in *Beckles* on June 27, 2016. As the government acknowledges, however, on August 1, 2016, the Ninth Circuit lifted the stay in *Gardner* and *Jacob*, allowing those cases to proceed despite the pendency of the same issues in the *Beckles* case. *See* CV Doc 6 (Gov Stay Motion) at 3.

The government urges this Court to follow the Courts of Appeals *in other Circuits* which have continued to stay their own *Johnson*-based habeas appeals pending the Supreme Court's ruling in *Beckles*. The Court disagrees with the government on this score. "The fact that our Court of Appeals views a stay pending *Beckles* as inappropriate, is itself a good reason for this Court to likewise refuse a stay pending *Beckles*." *Savage v. US*, No. LA CV 16–03684–VBF Doc. 16 at 7, —— F.Supp.3d ——, 2016 WL 7176693 (C.D. Cal. Oct. 11, 2016) (citing, *inter alia*, *United States v. St. James*, 2016 WL 4239404, *2 (N.D. Cal. Aug. 11, 2016) (Hamilton, J.) (denying motion to stay habeas proceedings indefinitely pending *Beckles* decision, in part because "the Ninth Circuit recently lifted the stays previously entered in *Gardner v. United States*, No.15–72559[,] and *Jacob v. United States*, No. 15–73302 (9th Cir. Aug. 1, 2016), which the government [cites] in support of the ... stay. Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to the defendant, and a stay is not warranted."); *see also United States v. Roberson*, No. 12–cr–00550, 2016 WL 4208435, *2 (N.D. Cal. Aug. 10, 2016) (same) and *United States v. Stewart*, No. 13–cr–00131, 2016 WL 4208799, *2 (N.D. Cal. Aug. 10, 2016) (same).

**The unfairness of a stay—particularly an indefinite and potentially lengthy stay—is particularly egregious in McPeters's case. The record suggests that if McPeters wins the instant habeas**

motion, he may be eligible to ask for a new sentence of "time served" on re-sentencing.

The public defender notes, without contradiction from the government, that **McPeters has been in custody since February 16, 2006.** *See* CV–6135 Doc 10 (Def McPeters's Opp to Stay) at 2. The public defender explains,

> Mr. McPeters is serving a 188–month sentence based on a conviction for two counts of unarmed bank robbery. [footnote 1 explains that this consists of two concurrent 188–month sentences] Without the finding that he was a career offender, Mr. McPeters' offense level would have been set at 84–105 months under the PSR's calculation, rather than 151–188 months.
>
> * * *
>
> * * * Had he received a sentence [even at] the high end of the non-career-offender guideline range, as calculated in the PSR, instead of the sentence he received at the high end of the career-offender guideline range, his sentence would have expired on November 30, 2014. [footnote 2 notes that with good-time credit, a federal inmate will serve 91 months and 14 days of a 105–month sentence]

CV–6135 Doc 10 at 2–3.

Thus, the public defender is correct that if McPeters were to prevail on his section 2255 habeas motion, he would be in a position to seek a new sentence of time already served based on the revised (post-*Johnson* ) U.S. Sentencing Guidelines, *see* CV Doc 9 at 2.

This does not necessarily imply, of course, that this Court would actually impose such a greatly reduced sentence in the event of resentencing. At this juncture, it would be premature to intimate an opinion on the appropriate new sentence for McPeters if he wins habeas relief on this section 2255 motion. But it does mean that **if McPeters wins resentencing, he will at least be *eligible* for a Guideline-recommended term of imprisonment that is far less than the time he had already served when the Court issued today's Order. Even the *high* end of the apparently-applicable non-career-offender Guideline recommendation would be *years* shorter than the time that McPeters has already served as of today.**

**As another district judge reasoned in denying a similar stay motion recently,**

> The United States also argues that it may seek an upward variance upon resentencing Defendant, such that Defendant may not be subject to immediate release upon resentencing. Defendant contends the United States has failed to show hardship and that he faces a serious risk of damage—namely, unwarranted prison time—if a stay is granted. Defendant also notes that the Tenth Circuit denied the United States' request for abatement [sic] in a case similar to this where that defendant was likely subject to immediate release [upon resentencing following *Johnson*-based habeas relief]. *See United States v. Evans*, No. 16–1171 (10th Cir. July 14, 2016).
>
> The Motion to Stay is denied for three reasons. First, there exists a fair possibility, and indeed a substantial possibility, that a stay would damage this Defendant by delaying his release from prison. The Court rarely sentences above the maximum Guideline[recommended] range, and the United States has not specified any particular facts supporting a possible motion for upward variance upon Defendant's re-sentencing.
>
> * * * Therefore, the Court holds that *Defendant's possible right to immediate release trumps any judicial economy or*

*saving of judicial resources that would be occasioned by a stay. * * **
*United States v. Fisher,* 2016 WL 4442800, *2 (N.D. Okla. Aug. 22, 2016) (Kern, J.) (emphasis added).

**In short, if this Court grants this habeas petition on the strength of *Johnson*, McPeters could end up having served years of his life beyond any sentence within the likely new recommended guideline range.** Judge Tigar reasoned similarly in his recent opinion denying a *Beckles* stay:

Th[is] Court denied the government's motion to stay this case in light of *Beckles*, noting: "Were the Court to wait until the Supreme Court issues its ruling in *Beckles* before ruling on the defendant's [2255] motion, such a delay might moot any relief that might be due to Defendant, especially given that Defendant's anticipated release date is June 28, 2017."

*United States v. Heri Garcia,* 2016 WL 4364438, *5 n.4 (N.D. Cal. Aug. 16, 2016). **Judge Guilford of our District likewise denied a *Beckles* stay as too prejudicial to habeas petitioners Clegg and Thomas:**

According to Clegg, had he not been sentenced as a career offender[,] and accounting for good-time credit, he would have been released on August 13, 2013. Likewise for Thomas, he may have been released as early as February 16, 2014, had he not been sentenced as a career offender. *As in Yong, every day delaying resolution of their Section 2255 Motions means an additional day that Petitioners are potentially unconstitutionally detained.*

*Thomas v. United States,* No. 8:16–cv–01025–AG Doc. 12 at 6 (C.D. Cal. July 29, 2016) (not on WL) (italics added); *see also Robinson v. United States,* No. CV 16–04513 Doc. 11 at 2 (C.D. Cal. July 22, 2016) (**Otero, J.**) ("Petitioner contends that ...

had he instead received twelve months over the high end of the *non*-career-offender guideline instead of the sentence that he in fact received, his sentence would have expired around January, 2015. The Government does not dispute these estimates either in its Application or its Reply. [T]he Government postulates that '[a] stay in this case will last only for a matter of months,' .... [T]he Court nevertheless finds that 'there is a fair possibility Petitioner would be prejudiced [by a stay pending *Beckles*].") (italics added, record citations omitted); *Joe Pettis III v. United States,* No. 8:16–cv–01081–DOC Doc. 8 at 2 (C.D. Cal. July 15, 2016) (**Carter, J.**) ("His current release date is ... just over seven years away. Petitioner asserts prompt resolution of his motion to vacate is appropriate given that, '[s]hould he prevail on his motion to vacate, the low end of his Guideline range would go down by 74 months, just over six years.' The Court agrees there is a fair possibility Petitioner would be prejudiced [by a stay pending *Beckles*].") (citation omitted); *United States v. Beane,* No. 08–cr–00260, 2016 WL 4045392, *2 (N.D. Cal. July 28, 2016) (**Phyllis Hamilton, J.**) ("[S]taying these proceedings pending a decision by the Supreme Court on this threshold question could result in *prejudicial delay to defendant, who seeks a reduced term of imprisonment that, if granted and subject to resentencing, could be exceeded by time served.* Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to defendant, and a stay is not warranted.") (italics added); *United States v. Rice,* No. CR 12–818–PJH, 2016 WL 4045381, *2 (N.D. Cal. July 28, 2016) (same).

In conclusion, the Court relies on the Ninth Circuit's statement that "although a short stay may be appropriate in a habeas case . **we have *never* authorized, in the**

interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *Yong,* 208 F.3d at 1120. The government has not shown that this Court should take a step that the Ninth Circuit itself has never found appropriate. On this record, the Court will not force petitioner McPeters to remain in prison while he waits indefinitely, perhaps another nine months or a year, for a decision in *Beckles* before receiving a ruling on this habeas petition—a petition that raises a colorable ground for habeas relief on the merits.

**Such a potentially lengthy delay would violate the principle that "[t]he writ of habeas corpus, challenging illegality of detention, is reduced to a sham if ... trial courts do not act within a reasonable time."** *Knox v. United States,* No. C16–5502, 2016 WL 3906915, *1 (W.D. Wash. July 19, 2016) (quoting *Jones v. Shell,* 572 F.2d 1278, 1280 (8th Cir. 1978)).

■ **As our Circuit has cautioned, "[a] long stay" in a habeas case "also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights."** *Yong,* 208 F.3d at 1120. *Accord United States v. Christobal Miguel Rios,* No. 2:13–cr–02059, 2016 WL 4472996, *1, 201 F.Supp.3d 1266, 1270 (E.D. Wash. Aug. 12, 2016) ("[O]n July 5, 2016, the Court struck the hearing date on Mr. Rios's [section 2255] motion and requested supplemental briefing on whether a stay pending *Beckles* was appropriate. Having concluded that a stay would be improper, the Court issues the following ruling" granting habeas relief and resentencing on the authority of *Johnson v. US* ).

**For these reasons, the Court will deny the government's motion to stay McPeters's section 2255 proceedings.**

## ORDER

**The government's motion to stay these habeas corpus proceedings is denied.**

In criminal case LA CR 06–00167–VBF–1, **Doc # 78 is DENIED.**

In criminal case LA CR 06–00409–VBF–1, **Doc # 62 is DENIED.**

In civil case LA CV 16–06079–VBF, **Doc # 8 is DENIED.**

In civil case LA CV 16–06135–VBF, **Doc # 8 is DENIED.**

Deadlines for briefs on the section 2255 habeas motion are extended as follows:

No later than Friday, November 11, 2016, the government **SHALL FILE** a response.

No later than Monday, December 5, 2016, defendant-petitioner McPeters **MAY FILE** a reply.

IT IS SO ORDERED.