United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60470
_____

In Re:  FRANCES ELAINE HOOD,

Petitioner.

_____

Petition for Writ of Mandamus to the
United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-405

_____

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Frances Elaine Hood has requested a writ of mandamus to require the district judge to enter an opinion and judgment in her civil action against Sears Roebuck and Company.  Sears does not oppose Hood's request for mandamus.  On June 13, 2005, the district court judge advised the Clerk's Office of this court that a ruling would be entered by the end of that week.  The district judge has failed to act on this case in any manner, notwithstanding his representation to the office of the Clerk of this court.  However, he had his secretary call the Clerk's Office at 3:05 p.m. today and she made the representation that he would rule by Friday of this week (June 24).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's docket sheet reflects the following procedural history leading up to the instant petition. Sears removed this case to federal court on April 24, 2002. Hood filed a motion to remand on May 2, 2002. The district court did not rule on the motion to remand until March 31, 2003, when it denied the motion.

Sears filed a motion for summary judgment on September 30, 2004. Hood responded to the motion on October 27, 2004. The district court conducted a status conference and hearing on the motion for summary judgment on November 10, 2004. At the status conference, it set the case for trial on November 29, 2004. On November 12, the district court entered an order denying Sears's motion for summary judgment.

A minute entry on the docket sheet dated December 1, 2004, states that the court conducted a pretrial conference on November 22, 2004 (the confusion of the dates is unexplained), and that the court dismissed Sears from the case and indicated that a final judgment "will be entered". In her petition for writ of mandamus, Hood states that the district judge ordered Sears to prepare a proposed opinion and order and submit it to him on Monday, November 29, 2004. According to Hood, Sears submitted a preliminary opinion and order to the judge on November 29, 2004, and requested an additional day to provide a more complete document. Sears sent another proposed opinion and order to the judge on November 30, 2004.

On December 2, 2004, Hood filed a motion to attach a transcript of the bench opinion to the order of dismissal. Hood asserted in that motion that the proposed opinion prepared by Sears included grounds not addressed in the judge's ruling from the bench at the status conference.

On January 25, 2005, Hood's counsel sent a letter to the district judge asking the court to "[p]lease let us know when we can expect to have the Findings of Fact and Conclusions of Law and an Order of Dismissal."

Approximately two and one-half months later, on April 15, 2005, Hood filed a motion for entry of a final order. In that motion, Hood noted that it had been 112 days since the court's ruling from the bench granting summary judgment in favor of Sears. Hood asked the court to expedite the progress of the litigation by entering an opinion and final order consistent with its bench opinion.

In her petition for writ of mandamus, Hood asserts that she is suffering stress and emotional injury due to the long delay and to the lack of dispatch of the trial judge's rulings. She seeks a writ ordering "a direct appeal of all issues or directing the District Court Judge to enter a Final Opinion and Order on the summary judgment". Alternatively, she requests a settlement conference.

A writ of mandamus is an extraordinary remedy that "is appropriate only when the trial court has exceeded its jurisdiction

3

or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." In re: United States, 397 F.3d 274, 282 (5th Cir. 2005) (internal quotation marks and citations omitted). Three requirements must be satisfied "before a writ will issue: (1) the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires; (2) the petitioner must satisfy the burden of showing that [her] right to issuance of the writ is clear and indisputable; and (3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." Id. (internal quotation marks and citations omitted).

Hood has satisfied these requirements. She has no other adequate means to attain the relief she seeks: Despite her efforts to obtain an appealable final order, the district judge has not entered an order, even after having promised this court that it would do so by the end of last week. She has also satisfied her burden of showing that her right to issuance of the writ is clear and indisputable. On November 22, 2004, the district court granted summary judgment for Sears in a ruling from the bench, and stated that a final judgment would be entered. Seven months have now passed with no action by the district judge, despite repeated respectful requests by Hood's counsel. In the exercise of our

4

discretion, we are satisfied that the writ is appropriate under these circumstances.

This matter, however, is held in abeyance trusting the district judge's representation that he will address the matters referred to in the petition for writ of mandamus by the end of this week, Friday, June 24. If he fails to act, the court will further consider the petition.

SO ORDERED.