# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2018

Lyle W. Cayce
Clerk

No. 17-20618

In re:  UNITED STATES OF AMERICA, ex rel; RICHARD DRUMMOND,

> Petitioner

Petition for Writ of Mandamus to
the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2441

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

On October 3, 2017, relator Richard Drummond petitioned this Court for a writ of mandamus directing the United States District Court for the Southern District of Texas to resolve this False Claims Act case, which has been pending before District Judge Lynn N. Hughes for over nine years. Specifically, Drummond sought resolution of several motions which have been pending for years, specifically: (1) a motion for partial summary judgment (Dkt. # 96, filed on March 18, 2014), (2) a supplemental motion for summary judgment (Dkt. # 102, filed on April 25, 2014), and (3) a motion for partial summary judgment (Dkt. # 160, filed on May 20, 2016).

We requested Judge Hughes file a response to the petition with the Fifth Circuit's Clerk's Office. No response was ever received. Judge Hughes did file

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20618

a response, however, on the district court's docket indicating that "[t]his case will come to an end – soon." Over two months later, on December 28, 2017, the district court issued an opinion and order (Dkts. ## 206, 207) resolving only one of the three motions: the latest motion for partial summary judgment (Dkt. # 160).

On March 12, 2018, we requested letter briefs from the parties addressing whether the petition had been mooted by the district court's December 28 order. The parties timely filed letters indicating that the two other motions identified in Drummond's petition had not been resolved and that the petition was "far from moot." Since the district court entered its December 28 order, no other orders of any kind have been entered, no hearings have been held, and no other update has issued.

Under the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Mandamus "is an extraordinary remedy for extraordinary causes." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc). "A writ of mandamus may issue only if (1) the petitioner has 'no other adequate means' to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is 'clear and indisputable;' and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is 'appropriate under the circumstances.'" *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (quoting *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005)).

In this case, all three requirements are easily met. This case has been pending on the district court's docket for over nine years. Moreover, the two motions identified in the petition have been pending for approximately four years. We recognize that this is a complex matter and district court judges have

2

No. 17-20618

broad discretion in managing their dockets. *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996). "However, discretion has its limits." *Id.*

The Supreme Court has recognized that "where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ 'in order that [it] may exercise the jurisdiction of review given by law.'" *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662–63 (1978) (quoting *Ins. Co. v. Comstock*, 16 Wall. 258, 270 (1873)). Indeed, this Court is not alone in recognizing that a writ may be appropriate to address a district court's undue delay in adjudicating a case properly before it. *See In re Hood*, 135 F. App'x 709, 711 (5th Cir. 2005) (holding writ of mandamus was appropriate to address district court's seven month delay in entering judgment); *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996) ("[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction."); *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (granting writ of mandamus where district court failed to rule on a petition for writ of habeas which had been pending for fourteen months); *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970) (granting writ of mandamus to address delay in ruling on pending petition for writ of habeas). Here, the district judge has had ample time to consider the pending motions—including the nearly six months since Drummond filed his petition for a writ of mandamus. As the Tenth Circuit aptly put it, "justice delayed is justice denied." *Johnson*, 917 F.2d at 1285. The district court's delay in adjudicating this case is simply inexcusable, and this Court is left with no other option but to grant mandamus relief.

IT IS ORDERED that the petition for writ of mandamus is GRANTED. District Judge Lynn N. Hughes is ordered to hear and adjudicate the two pending motions for summary judgment (Dkts. ## 96 and 102) within thirty days.