# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2021

Lyle W. Cayce
Clerk

No. 21-40190

In re: The Boeing Company,

*Petitioner*.

Petition for a Writ of Mandamus
to the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-507

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

The Boeing Company petitioned our court for a writ of mandamus after the district court ordered Boeing to produce fifty-three documents that Boeing contends are protected by attorney-client privilege. Boeing argues that the district court erred in holding that nineteen of those documents lacked attorney-client privilege and that the other thirty-four were subject to the crime-fraud exception. We DENY in part and GRANT in part.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40190

## I.    Background

In the case underlying this petition, Plaintiffs allege that Boeing and Southwest Airlines conspired to defraud the flying public by concealing various alleged design defects with the Boeing 737 MAX 8 aircraft and encouraging the public to fly aboard these aircrafts.  During discovery, Boeing turned over several privilege logs, and, after Boeing entered into a Deferred Prosecution Agreement ("DPA") with the Department of Justice, Plaintiffs moved to compel over 200 of the privilege-asserted documents under the crime-fraud exception.  The district court determined that Plaintiffs established a prima facie case that the crime-fraud exception to attorney-client privilege applied to the requested documents and ordered Boeing to produce them for *in camera* review.  Upon review, the court ordered Boeing to produce fifty-three documents, concluding that nineteen of them lacked attorney-client privilege and thirty-four of them were subject to the crime-fraud exception.

Boeing unsuccessfully moved to stay the district court's order so that it could seek appellate review and certify its order for interlocutory appeal under 28 U.S.C. § 1292(b).  Consequently, Boeing filed this mandamus petition.

## II.    Discussion

A writ of mandamus "is an extraordinary remedy for extraordinary causes." *In re United States ex rel. Drummond*, 886 F.3d 448, 449 (5th Cir. 2018) (per curiam) (quotation omitted).  As such, we will issue a writ of mandamus only if (1) the petitioner shows that it has a "clear and indisputable" right to mandamus relief; (2) the petitioner has "no other adequate means" to attain the desired relief; and (3) we are satisfied that the writ is "appropriate under the circumstances." *Id.* at 449–50 (quotation omitted).  As explained below, we hold that a writ of mandamus is not

warranted for the nineteen alleged attorney-client-privileged documents because Boeing failed to show that it has a clear and indisputable right to mandamus relief on them, but we hold that mandamus relief is warranted for the thirty-four crime-fraud-excepted documents.

## A.     Nineteen Attorney-Client-Privileged Documents

For a communication to be protected as privileged, the proponent must prove: "(1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *EEOC. v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (quotation and emphasis omitted). "Ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent." *Id.* We review a district court's finding on attorney-client privilege for clear error. *Id.*

Based on the record before us, the district court did not clearly err in finding that the nineteen contested documents were not attorney-client privileged because Boeing did not explain what kind of "legal advice" its in-house counsel were providing regarding those documents. *See id.* at 696 (acknowledging that courts have routinely stated that "simply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege"). All Boeing said in asserting privilege to these documents—email communications discussing draft public communications regarding an accident on a 737 MAX 8 aircraft—was that its counsel "in fact provided legal advice on the content of th[o]se communications." We do not determine as a matter of law that the documents Boeing identified were indeed unprivileged. We have determined that certain communications containing legal advice of attorneys, including in-house attorneys, fall under attorney-client privilege. *See, e.g.*, *Exxon Mobil Corp. v. Hill*, 751 F.3d 379,

383 (5th Cir. 2014). We have indeed granted mandamus relief in a number of cases involving such privilege. *See, e.g.*, *In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 308 (5th Cir. 2020) (per curiam); *In re City of Hous.*, 772 F. App'x 143, 144 (5th Cir. 2019) (per curiam); *In re EEOC*, 207 F. App'x 426, 435 (5th Cir. 2006) (per curiam). But with such bare conclusory statements offered by Boeing regarding these documents, we hold that the district court did not clearly err in finding that the nineteen documents were not privileged. We thus DENY Boeing's petition for a writ of mandamus on this set of documents.

**B.    Thirty-Four Crime-Fraud Excepted Documents**

All three prongs for mandamus relief, however, are satisfied with regard to the thirty-four crime-fraud excepted documents.

First, Boeing has shown a clear and indisputable right to mandamus relief on the thirty-four crime-fraud excepted documents. For the crime-fraud exception to apply to attorney-client privileged communications, the party seeking to invoke the exception must establish a prima facie case that the privileged communication was intended to further continuing or future criminal or fraudulent activity. *In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th Cir. 2005). Establishing a prima facie case requires producing evidence that will suffice until contradicted and overcome by other evidence that (1) "the client intended to further an ongoing or future crime or fraud during the attorney-client representation" and (2) the communication was "reasonably relate[d] to the fraudulent activity." *Id.* at 336, 346 (quotation omitted). As with attorney-client privilege, we review a district court's finding that the crime-fraud exception applies for clear error. *Id.* at 335.

Here, as Boeing argues, the district court clearly erred in finding that Plaintiffs established a prima facie case that the contested documents were subject to the crime-fraud exception. The district court concluded that the

contested documents were reasonably connected to the fraud based on one finding only—that the documents sought "f[e]ll within the period Boeing admit[ted] to hav[ing] knowingly and intentionally committed fraud" in the DPA. However, a temporal nexus between the contested documents and the fraudulent activity alone is insufficient to satisfy the second element for a prima facie showing that the crime-fraud exception applies. *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 643 (8th Cir. 2001) (holding that the district court erred by assuming, "without any further showing by plaintiffs," that once fraud was shown, "all contemporaneous attorney-client communications 'could be construed' as in furtherance of the alleged fraud"); *In re Grand Jury Subpoena*, 419 F.3d at 344–45 (referring to *In re BankAmerica Corp.* as persuasive authority). Accordingly, the district court clearly erred in concluding that Plaintiffs established a prima facie case that the contested documents were subject to the crime-fraud exception, and Boeing has satisfied the first prong for mandamus relief.

Second, as is often the case where a petitioner claims that the district court erroneously ordered disclosure of attorney-client privileged documents, there is no other adequate means of relief. *See In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018). Boeing unsuccessfully moved to certify an interlocutory appeal under § 1292(b), and an appeal after final judgment will come too late because the privileged communications will already have been disclosed.[1] *Id.* at 567–68. Accordingly, we hold that the second prong is met.

---

[1] We acknowledge that the Supreme Court has held that attorney-client privilege rulings are not appealable under the collateral order doctrine because "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009). However, as we have also acknowledged in *In re Itron*, 883 F.3d at 568–69, we agree with other circuits that the Supreme Court's repeated and express reaffirmance that mandamus remains a "useful safety valve" to correct certain clearly erroneous attorney-client privilege rulings supports the general notion that appeal of a district court's disclosure

Lastly, granting mandamus on the thirty-four privileged documents is appropriate here. Not only did the district court clearly err and leave Boeing with no other adequate means of relief, but the issue presented here—the showing necessary to make out a prima facie crime-fraud-exception case—has "importance beyond the immediate case." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc). We have on only rare occasions addressed what is sufficient to establish that privileged communication was reasonably related to the fraud. Thus, if the district court's views on what amounts to a sufficient showing for a prima facie case of the crime-fraud exception were to proliferate, more litigants would be encouraged to seek production of privileged communications whenever there is evidence a party committed a crime or fraud, and district courts could mistakenly find that a prima facie case existed on a mere temporal nexus. Accordingly, we conclude that mandamus relief is appropriate here. *See In re Itron*, 883 F.3d at 568–69 (concluding that mandamus relief was appropriate in a similar case where the district court's ruling on attorney-client privilege would have consequences outside of the immediate case); *see also In re BankAmerica Corp.*, 270 F.3d at 644 (granting mandamus relief to ensure that the district court correctly determine that a threshold prima facie case of the crime-fraud exception is made).

We thus GRANT Boeing's petition for a writ of mandamus on this set of documents.[2]

---

order after final judgment is inadequate to vindicate a privilege the very purpose of which is to prevent the release of those confidential documents. *See In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760–62 (D.C. Cir. 2014) (quoting *Mohawk*, 558 U.S. at 111) (citing Ninth, Seventh, and Second Circuit cases).

[2] Because we conclude that the district court clearly erred in finding that Plaintiffs established a prima facie case, we need not, and do not, address Boeing's alternate argument that the district court erred by failing to limit the scope of the crime-fraud

No. 21-40190

### III.    Conclusion

For the reasons set forth above, IT IS ORDERED that the petition for a writ of mandamus is DENIED with respect to the nineteen documents claimed to be attorney-client privileged and GRANTED with respect to the thirty-four crime-fraud-excepted documents.  We REMAND to the district court with instructions to VACATE the portion of its order compelling production of those thirty-four documents.

---

exception when it directed Boeing to produce the contested documents upon *in camera* review.