**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-2210**

---

In re: HAMZA TEBIB, individually and derivatively on behalf of his 2 business entities; OWL HOUSE CAFE, LLC; OHCGRILL, LLC,

Petitioners.

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of North Carolina, at Raleigh.  (5:25-cv-00358-D-KS)

---

Submitted:  December 11, 2025                    Decided:  December 19, 2025

---

Before NIEMEYER, KING, and RICHARDSON, Circuit Judges.

---

Petition dismissed in part and denied in part by unpublished per curiam opinion.

---

Hamza Tebib, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hamza Tebib, Owl House Café, LLC, and OHCGrill, LLC ("Petitioners"), petition for a writ of mandamus seeking an order directing the district court to (1) vacate its order striking Petitioners' original complaint; (2) reinstate the original complaint or allow amendment without arbitrary restrictions; (3) address delays in screening their other complaints; and (4) ensure impartial adjudication of their complaints.

The first issue is whether the companies may proceed pro se. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). And this "rule applies equally to all artificial entities," *id.* at 202, including limited liability companies, *see In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (collecting cases). Accordingly, we conclude that Owl House Café, LLC, and OHCGrill, LLC, may not proceed pro se and dismiss the mandamus petition as to those entities.

We next consider whether Tebib, the remaining Petitioner, is entitled to mandamus relief. Mandamus relief is a drastic remedy to be used only in extraordinary circumstances, *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018), and "may not be used as a substitute for appeal," *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). Accordingly, to the extent Tebib seeks vacatur of the district court's order and reinstatement of the original complaint, we conclude that he is not entitled to mandamus relief.

2

Unreasonable delay in the district court may warrant mandamus relief, *see In re United States ex rel. Drummond*, 886 F.3d 448, 450 (5th Cir. 2018) (collecting cases), but Tebib has not alleged undue delay related to the instant complaint. Similarly, although mandamus may be used to seek a judge's recusal, *see In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987), Tebib has not clearly requested such relief. Accordingly, we conclude that Tebib is not entitled to mandamus relief, and we deny the petition as to him.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART AND DENIED IN PART.*